OPINION OF THE COURT
William H. Keniry, J.
The petitioners, two inmates in the custody of the New York State Department of Correctional Services (DOCS) and a staff attorney with Prisoners’ Legal Services of New York, have initiated this CPLR article 78 proceeding to challenge the denial of their Freedom of Information Law (FOIL) request by the respondents, employees of the State Commission of Correction (the Commission). The request sought the Commission’s "entire investigatory file” concerning a July 8, 1986 melee in the north yard of the Clinton Correctional Facility resulting in injuries to a number of inmates and güards. The Commission initiated an investigation of the incident. The FOIL request was granted to the extent that the Commission supplied records from its files which the petitioners had already secured from DOCS. The remainder of the Commission’s investigatory file was classified as exempt from disclosure under Public Officers Law § 87 (2) (b), (e), (f) and (g). This proceeding then ensued.
The respondents move to dismiss in point of law upon the ground that the petition fails to state a cause of action.
*792 The respondents have submitted the documents in question for the court’s in camera review (see, Matter of Xerox Corp. v Town of Webster, 65 NY2d 131). The documents fall into three categories: handwritten notes, comments and observations prepared by Commission employees; an interoffice memorandum prepared by a Commission employee and what appears to be an unsigned, undated report commenting on the underlying incident; and signed statements by four inmates (including the petitioners Allah and Rodriguez) wherein they identify certain guards by name who allegedly assaulted them. It is clear, based upon the petitioners’ reply affirmation dated March 17, 1988, that the above-enumerated documents are the records that the petitioners seek access to.
Article 6 of the Public Officers Law imposes a broad standard of disclosure upon the State and its agencies (Matter of Capital Newspapers v Burns, 67 NY2d 562, 565). However, the Freedom of Information Law is not absolute and does exempt certain records from public scrutiny. Exemptions are specified in Public Officers Law § 87 (2). The Court of Appeals has held " 'that FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government’ ” (Matter of Newsday, Inc. v Sise, 71 NY2d 146, 150; Matter of Capital Newspapers v Whalen, 69 NY2d 246, 252). The burden of demonstrating that material is exempt from disclosure rests on the agency resisting disclosure which must articulate " 'a particularized and specific justification for denying access’ ” (Matter of Konigsberg v Coughlin, 68 NY2d 245, 251; Matter of Capital Newspapers v Burns, supra, at 566).
Guided by the above principles, the court must determine whether the records sought by the petitioners are exempt from disclosure. The respondents in their submissions to the court rely upon three of the statutory exemptions, Public Officers Law §87 (2) (b), (e) and (g).* That statute reads, in pertinent part, as follows:
"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * *
"(b) if disclosed would constitute an unwarranted invasion *793 of personal privacy under the provisions of subdivision two of section eighty-nine of this article * * *
"(e) are compiled for law enforcement purposes and which, if disclosed would:
"i. interfere with law enforcement investigations or judicial proceedings;
"ii. deprive a person of a right to a fair trial or impartial adjudication;
"in. identify a confidential source or disclose confidential information relating to a criminal investigation; or
"iv. reveal criminal investigative techniques or procedures, except routine techniques and procedures * * *
"(g) are inter-agency or intra-agency materials which are not:
"i. statistical or factual tabulations or data;
"ii. instructions to staff that affect the public;
"in. final agency policy or determinations; or "iv. external audits, including but not limited to audits performed by the comptroller and the federal government”.
The court has carefully reviewed the documents in question and has considered the legal arguments presented by both sides. With respect to the Commission documents categorized as staff handwritten notes, comments and observations and the interoffice memorandum ánd report, the court concludes that such documents fall within the exception set forth in Public Officers Law § 87 (2) (g). Such intraagency documents are not subject to FOIL discovery unless they are statistical or factual tabulations or data, instructions to staff that affect the public, final agency policy or determinations or external audits. The notes and memoranda in this case pertain to the Commission’s investigation of the prison melee. They do not reflect any final agency determination but rather contain subjective comments and observations of Commission staffers. To release such information would be inappropriate since these records are clearly predecisional material prepared to assist the Commission in making a final determination (see, Matter of Kheel v Ravitch, 62 NY2d 1; Matter of Bray v Mar, 106 AD2d 311; Matter of Miller v New York State Dept. of Health, 91 AD2d 975; Sinicropi v County of Nassau, 76 AD2d 832, lv denied 51 NY2d 704). In view of the court’s conclusion that such records are exempt as intraagency material, it need not reach the merits of the respondents’ other claims of exemption.
*794 The court reaches a different conclusion with respect to the four inmate statements and finds that the petitioners are entitled to copies of those documents. Contrary to the Commission’s claims, those signed statements do not constitute investigator’s notes and thus cannot be classified as intraagency material. The statements simply recite factual claims made by alleged assault victims.
The respondents next argue that the inmate statements are exempt under Public Officers Law § 87 (2) (e) as being compiled for law enforcement purposes. The respondents have failed to substantiate this particular exemption. There is no proof in the record that such statements were gathered specifically for law enforcement purposes and there is no indication in the record that any criminal proceedings have been initiated or are even contemplated. The case of Hawkins v Kurlander (98 AD2d 14) cited by the respondents involved an actual criminal investigation into suspicious hospital deaths wherein certain witnesses gave statements to the District Attorney under a promise of confidentiality. In this case, the statements were given by the alleged victims wherein they identified their alleged assailants. There is no indication that confidentiality was promised or expected. The statements set forth factual information and do not contain any exempt information. The mere fact that the signed statements were obtained by a Commission investigator does not transform them into intraagency material (see, Ingram v Axelrod, 90 AD2d 568).
The court also finds no basis to support the claim that releasing the names of guards accused of inappropriate behavior is an unwarranted invasion of their personal privacy under Public Officers Law § 89 (2). Such allegations do not fit within any of the five statutory definitions of the personal privacy exemption. The petitioners are therefore entitled to copies of the four signed inmate statements.
Petitioners also seek an award of attorney’s fees and costs pursuant to Public Officers Law § 89 (4) (c) which provides as follows:
"The court in such a proceeding may assess, against such agency involved, reasonable attorney’s fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, provided, that such attorney’s fees and litigation costs may be recovered only where the court finds that:
*795 "i. the record involved was, in fact, of clearly significant interest to the general public; and
"ii. the agency lacked a reasonable basis in law for withholding the record.”
The assessment of attorney’s fees and costs lies within the sound discretion of the court (Matter of McAndrew v Board of Educ., 120 AD2d 591).
The application is denied. The petitioners have not substantially prevailed in this proceeding even though the court has granted some relief to them.
The petition is granted, without costs, to the extent that the respondent is directed to provide the petitioners with copies of the four signed inmate statements. In all other respects, the petition is denied.

 The Commission has apparently abandoned its contention that discovery is also precluded under Public Officers Law § 87 (2) (f).