■ In the Matter of DAVID BANCHS et al., Respondents, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 15, 1989 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted petitioners' motion for counsel fees.

The question presented on this appeal is whether Supreme Court properly awarded petitioners counsel fees pursuant to Public Officers Law § 89 (4) (c) (ii) on the ground that the Department of Correctional Services lacked a reasonable basis in law for withholding certain requested records in its custody.

On September 10, 1987, the Department opened Camp Monterey Shock Incarceration Correctional Facility (hereinafter Monterey) in Schuyler County, a center where eligible inmates serve a period of six months in a program similar to boot camp prior to their release (Correction Law § 865). On September 14, 1987 correction officers at Monterey quelled a disturbance between two inmates in B dormitory. Petitioners, individual inmates and the Prisoners' Legal Services of New York, their representative, believed excessive force was used to stop the fight. On three occasions thereafter they requested copies of certain records pertaining to the September 14, 1987 incident. These requests were initially denied or only partially granted, and eventually petitioners commenced this CPLR article 78 proceeding to declare respondent's refusal to grant access to the requested records in violation of the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) and to compel the Department to grant petitioners access to the records. Petitioners sought access to photographs, all transcripts of inmate statements not previously provided, videotape recordings and the Inspector General's files. Some of the documents were furnished shortly after the Department answered and Supreme Court ordered the Department to permit petitioners access to most of the other records sought. In its decision, Supreme Court cited *Matter of Faulkner v Del*

*Giacco* (139 Misc 2d 790) in support of its conclusion that the Department lacked a reasonable basis in law to deny petitioners' request. Supreme Court granted petitioners' subsequent motion for counsel fees made pursuant to Public Officers Law § 89 (4) (c) and awarded petitioners $3,000 in legal fees. This appeal ensued.

The parties do not dispute that petitioners substantially prevailed in this proceeding and that the records were of clearly significant interest to the general public. Thus, there is only one issue remaining for this court's review, i.e., the reasonableness of the Department's denial of access to the requested records *(see,* Public Officers Law § 89 [4] [c] [i], [ii]).

Respondent argues that the Department had a reasonable basis in law to withhold access to the requested information because the admittedly controlling case of *Matter of Faulkner v Del Giacco (supra)* had not been decided until May 20, 1988, well after the initial FOIL requests were denied on February 22, 1988 and only 17 days before the final denial by the Department on June 6, 1988. This argument fails because February 22, 1988 is not the determinative date here. A challenge to any agency's denial of access to information must proceed by way of a CPLR article 78 proceeding (Public Officers Law § 89 [4] [c]) and said party may not do so until administrative appeal remedies are exhausted *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 119 AD2d 582, 583), which was June 6, 1988 in this case. By that time, *Faulkner* had been decided. Consequently, the final decision was not one of first impression requiring denial of an award of counsel fees *(see, Matter of Bensing v LeFevre,* 133 Misc 2d 198, 201). Moreover, there was other decisional law existing on February 22, 1988 that required the Department to allow access to the requested records. In *Matter of Capital Newspapers Div. v Burns* (67 NY2d 562), the Court of Appeals held that records, including "intraagency * * * materials * * * comprised of 'statistical or factual tabulations or data' ", are presumptively open to public inspection and copying *(supra,* at 566, quoting Public Officers Law § 87 [2] [g] [i]). The requested records here were factual in nature. The intraagency exemption applies only to opinions and recommendations prepared by agency personnel or nonfinal determinations *(see, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 132-133). Accordingly, we cannot say on this record that Supreme Court abused its discretion in awarding counsel fees to petitioners *(see, Matter of McAndrew v Board of Educ.,* 120 AD2d 591).

Finally, respondent raises for the first time on appeal the doctrine of qualified immunity. The issue is not properly before this court and we decline to address it *(see, Fehlhaber Corp. v State of New York,* 65 AD2d 119, 125, *lv denied* 48 NY2d 604).

Judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.