OPINION OF THE COURT
 

 Simons, J.
 

 Petitioners are a registered voter and an unsuccessful candidate for the Seventh District State senatorial seat held
 
 *465
 
 in 1992 by Senator Michael J. Tully, Jr. They instituted this CPLR article 78 proceeding seeking judicial review of a determination by respondent Sloan, Secretary of the Senate, which denied their request for information concerning Senator Tully’s publicly funded mailings. The issue presented is whether such information must be disclosed under the Freedom of Information Law (Public Officers Law § 88 [2] [FOIL]). We conclude that such information is generally disclosable under FOIL and, therefore, that the order of the Appellate Division denying petitioners’ relief should be modified.
 

 On September 16, 1992, petitioner Weston requested from respondent Sloan, the Senate officer charged with responding to FOIL requests, the following records: the number of newsletters, bulk-rate mailings and first-class mailings sent by Senator Tully, either in his role as a Senator or a Committee Chairman, between January 1, 1991 and the date of the letter, and a copy of each; the total cost of postage for the newsletter, the bulk-rate mailings, and the first-class mailings; the total cost of printing and preparing the mailings; and, if any of the mailings were specifically targeted, the number of recipients and the election districts which were the targets. Respondent denied the request, asserting that the information was not available pursuant to FOIL. Upon administrative appeal, the Senate Majority Counsel sustained the denial, on the more particularized ground that the information requested was not specifically included in the list of legislative records available for public inspection and copying either under Public Officers Law § 88 (2) or section 2 of the Rules and Regulations Relating to the Public Inspection and Copying of Legislative Records, the Senate rules promulgated to implement FOIL. This proceeding followed.
 

 Supreme Court granted petitioners’ application, annulling respondent’s determination and directing that he provide the information requested. The court based its ruling on the general principle underlying FOIL: the presumption that the records of government should be accessible to the public under the public’s inherent right to know the processes of government decision-making. The Appellate Division reversed. It concluded that access to the records of the Legislature, as opposed to those of public agencies, is limited to the specific categories listed in section 88 of the Public Officers Law, and that no portion of the statute, or any other applicable provision of law, mandates disclosure of the information requested by petitioners.
 

 
 *466
 
 The enactment of New York’s Freedom of Information Law (Public Officers Law art 6) in 1974 was the result of a legislative effort to increase the accountability of the government to its citizens by recognizing the public’s "right to know” more about the operation of the government (Public Officers Law § 84). In the legislative declaration the act noted that "a free society is maintained when government is responsive and responsible to the public” and that "it is incumbent upon the state and its localities to extend public accountability wherever and whenever feasible”
 
 (id.).
 
 We have consistently interpreted the statute liberally to implement these broad purposes
 
 (see, Matter of Capital Newspapers v Burns,
 
 67 NY2d 562, 565-
 
 567; Matter of Farbman & Sons v New York City Health & Hosps. Corp.,
 
 62 NY2d 75, 79-80;
 
 Matter of Washington Post Co. v New York State Ins. Dept.,
 
 61 NY2d 557, 564).
 

 Article 6 was reenacted in 1977 to expand the scope of FOIL and make presumptively available virtually all agency records unless otherwise specifically exempted
 
 (see,
 
 Public Officers Law § 87;
 
 Matter of Capital Newspapers v Burns, supra,
 
 at 565-567;
 
 Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,
 
 at 79-80). The 1977 legislation changed the format of the statute, however; while it expanded agency disclosure it excepted the Legislature and the judiciary from the definition of agencies
 
 (see,
 
 Letter of Senator Ralph J. Marino, Bill Jacket, L 1977, ch 933; Public Officers Law § 86 [3]). Instead, the Legislature added a new section 88 which provided for access under FOIL to certain specified State legislative records — the same types of records all agencies were required to provide under the more limited 1974 version of the statute. The effect of this was to make agency records more available to FOIL applicants but to retain the limitations on disclosure of legislative records unless disclosure was specifically authorized under the statute.
 

 In this proceeding, petitioners rely on the language of section 88 (2) (e) which authorizes disclosure of "internal or external audits and statistical or factual tabulations of, or with respect to, material otherwise available for public inspection and copying pursuant to this section or any other applicable provision of law”. They contend the records sought are "statistical or factual tabulations” with respect to "material otherwise available for public inspection”.
 

 Analysis starts by noting that the Legislature in its declaration has recognized that documents and statistics are part of
 
 *467
 
 the basic information leading to governmental decisions
 
 (see,
 
 Public Officers Law § 84). Thus, it is understandable that it provided that "statistical or factual tabulations” are legislative materials which may be disclosed
 
 (see,
 
 Public Officers Law § 88 [2]). The statute does not define the terms but both the executive department and the courts have viewed "factual tabulations” as statements of objective information, fundamentally distinct from subjective expressions of policy or opinion
 
 (see, e.g.,
 
 9 NYCRR 6150.2 [d] ^Division of Criminal Justice Services defines "factual tabulations” as "a collection of statements of objective information logically arranged”];
 
 and cf.,
 
 9 NYCRR 145-1.1 [a] [2] [Division of the Budget states "(discussions of policy options and recommendations are not statistical or factual tabulations”]). The distinction is a sound one intended to separate objective data from opinion and argument. Moreover, it is a desirable one, required to insure public officers with the necessary privacy to frankly express their views of proposed actions, and one that has been judicially recognized and applied
 
 (see, Matter of Dunlea v Gold-mark,
 
 54 AD2d 446, 448,
 
 affd
 
 43 NY2d 754;
 
 see also, Matter of Capital Newspapers v Bums,
 
 67 NY2d 562, 566,
 
 supra; Matter of Rome Sentinel Co. v City of Rome,
 
 174 AD2d 1005, 1006;
 
 Matter of Banchs v Coughlin,
 
 168 AD2d 711, 712;
 
 Matter of David v Lewisohn,
 
 142 AD2d 305, 307-308). We conclude, therefore, that a "factual tabulation”, as used in the statute, means a statement or group of statements of objective fact and we hold that the facts and figures memorializing the expenditure of public funds for legislative printings and mailings can be characterized as "factual tabulations” for the purposes of Public Officers Law § 88 (2) (e).
 

 There remains the question of whether the factual tabulations are "of, or with respect to,” material made available either under section 88 (2), or under some other applicable provision of law.
 

 Section 88 (2) (a) requires that the Legislature make available for public inspection and copying "bills and amendments thereto, fiscal notes, introducers’ bill memoranda, resolutions and amendments thereto, and index records”. Petitioners contend that insofar as the records are "in relation to” an item contained in the 1992 Budget Bill, they are disclosable under FOIL; respondent maintains that the correct interpretation of this provision requires disclosure solely of records relating to the introduction and passage of a bill, that once the bill is enacted into law the records no longer come within
 
 *468
 
 the terms of section 88 (2). We need not determine the merit of respondent’s interpretation of the statute because the 1992 Budget Bill was subsequently enacted into law
 
 (see,
 
 L 1992, ch 51), and all session laws are "made available” to the public under section 44 of the Legislative Law. Thus, to the degree that records of a State Senator’s printings and mailings are "with respect to” an item in the Budget Law, they are made "available” by an "applicable provision of law” and are subject to disclosure under FOIL
 
 (see,
 
 Public Officers Law § 88 [2] [e]).
 

 The Budget Law for the 1992 fiscal year appropriated and authorized the payment of $4,000,000 in public moneys for postage and printing expenses incurred by members of the Senate. To the extent that "factual tabulations” are maintained of these expenses, they must be disclosed pursuant to a FOIL request, as they are data "with respect to” material made available by section 44 of the Legislative Law. However, because copies of the newsletters and, presumably, information on targeted mailings would not be included in such factual tabulations, these items are not subject to mandatory disclosure.
 

 Accordingly, the order of the Appellate Division should be modified in accordance with the opinion herein, without costs, and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified, etc.