■ In the Matter of R. A. BRONSON, INC., Doing Business as WASTE STREAM MANAGEMENT, Appellant, v FRANKLIN CORRECTIONAL FACILITY et al., Respondents. (Proceeding No. 1.) In the Matter of R. A. BRONSON, INC., Doing Business as WASTE STREAM MANAGEMENT, Appellant, v BARE HILL CORRECTIONAL FACILITY et al., Respondents. (Proceeding No. 2.) [680 NYS2d 719] —Crew III, J. Appeals from two judgments of the Supreme Court (Ceresia, Jr., J.), entered August 18, 1997 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to review determinations of respondent Comptroller denying petitioner's requests to set aside contracts entered into by respondents for the collection of solid waste.

Petitioner, in these joint proceedings, seeks judgments setting aside two contracts for the collection of solid waste entered into between respondent Franklin County Solid Waste Management Authority (hereinafter FCSWMA) and two correctional facilities in Franklin County, respondents Franklin Correctional Facility and Bare Hill Correctional Facility, upon the ground that FCSWMA lacked statutory authority to enter into said contracts.* Supreme Court dismissed both proceedings and these appeals ensued.

Title 13-I of the Public Authorities Law established FCSWMA (see, Public Authorities Law § 2051-a et seq.). Insofar as is relevant to this appeal, Public Authorities Law § 2051-e provides that FCSWMA shall have the power:

"5. To collect, receive, transport, process, dispose of, sell, store, convey, recycle and deal with, in any lawful manner and way, solid waste * * *

---

* Petitioner also sought a declaration that FCSWMA's bid was unconstitutional; this issue, however, has not been pursued on appeal and, hence, we deem it to be waived.

"8. To collect, receive from the United States, the state, the county, any other municipality or public corporation or person solid waste * * *

"9. To contract with the county, other municipalities, state agencies, public corporations or persons within or without the county, for the purpose of receiving, treating and disposing of solid waste * * *

"12. To make contracts and to execute all necessary or convenient instruments, including evidences of indebtedness, negotiable or non-negotiable * * *

"18. To do all things necessary or convenient to carry out the powers expressly given in this title."

The *sine qua non* of petitioner's argument is that FCSWMA exercises its power solely by legislative grant and, absent an express legislative delegation of power, its actions are ultra vires and void (citing *Matter of Kamhi v Planning Bd.*, 59 NY2d 385, 389). To that end, petitioner reasons that inasmuch as Public Authorities Law § 2051-e (9) authorizes FCSWMA to contract with State agencies for the purpose of "receiving, treating and disposing of solid waste" but omits the word "collecting" from FCSWMA's enumerated powers, that FCSWMA was without authority to enter into the underlying contracts with the Franklin and Bare Hill facilities for the collection of solid waste. We cannot agree.

It is axiomatic that in interpreting a statute, we should not do so in such a way as to reach an absurd result (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 137; McKinney's Cons Laws of NY, Book 1, Statutes § 145, at 294-296), nor should we construe one portion of the statute in such a manner as to render another portion thereof meaningless (*see, Matter of Morton Bldgs. v Chu*, 126 AD2d 828, 830, *affd* 70 NY2d 725; McKinney's Cons Laws of NY, Book 1, Statutes § 231, at 390). Put another way, a statute should be interpreted as a whole so as to give effect to each and every part thereof (*see, e.g., New York State Bridge Auth. v Moore*, 299 NY 410, 416).

Applying these principles to the matter before us, it is apparent that if petitioner's interpretation of the statute was given effect, FCSWMA would be in the rather anomalous position of being authorized to collect solid waste from the Franklin and Bare Hill facilities while lacking the authority to contract for the compensation of such services—most assuredly an absurd result. Thus, interpreting Public Authorities Law § 2051-e (9) in this fashion would effectively nullify those provisions of the statute authorizing FCSWMA to collect solid waste in the first instance. In this regard, there can be no

doubt that the Legislature has empowered FCSWMA to collect solid waste from the State or any other municipality, public corporation or person (*see*, Public Authorities Law § 2051-e [5], [8]) and, in our view, the authority to contract with the State or its agencies for such services may be found in the explicit authoritative grants contained in Public Authorities Law § 2051-e (12) and (18). Such a reading clearly gives effect to each and every part of the statute and avoids the absurd result advocated by petitioner. Accordingly, the judgments of Supreme Court dismissing the petitions should be affirmed.

Mercure, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgments are affirmed, without costs.