OPINION OF THE COURT
Robert J. Lunn, J.
These two CPLR article 78 proceedings involve the identical legal issue. They have been joined upon the court’s own motion for purposes of decision. Both cases assigned to this IAS Part present a novel question of law. The issue is whether a school district’s internal audit report regarding a particular high school within that district is subject to public disclosure under the New York Freedom of Information Law (Public Officers Law § 84 et seq. [hereafter FOIL]).
The facts are essentially not in dispute and may be briefly summarized. The internal audit which is the subject matter of this litigation is dated January 26,1998 and concerns Benjamin Franklin High School, one of the Rochester City School District’s high schools. It is signed by two of the School District’s internal auditors who worked on the report. It is addressed to Clark Powell, the principal of Benjamin Franklin High School. The audit report discusses both administrative and accounting controls in the areas of the school checking account, maintenance of cash, the bookstore, the athletic department, and soft drink vending machines. The petitioners in these two proceedings have requested a copy of the final audit report and in the case of proceeding No. 2 all documents and work papers related thereto. The respondent School District has refused disclosure upon the ground that the records requested were part of an internal audit and therefore wholly exempt from disclosure pursuant to Public Officers Law § 87 (2) (g) (iv). These article 78 proceedings ensued seeking judicial relief in the nature of mandamus and prohibition to compel the release of the report and prohibit enforcement of respondent’s decision.
Public Officers Law § 87 (2) (g) (i) and (iv) provide in relevant part as follows:
“2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * *
“(g) are inter-agency or intra-agency materials which are not:
*504 “i. statistical or factual tabulations or data * * *
“iv. [Eff. until Jan. 1, 1999.] external audits, including but not limited to audits performed by the comptroller and the federal government”.
The analysis of this statute is complicated by the Legislature’s rather dubious decision to employ a double negative to set forth the parameters of disclosure. It begins essentially with the presumption that all records shall be made available for public inspection and copying. Thereafter it provides that intra-agency records are not publicly disclosable and access may be denied provided they are not covered by any one of the four enumerated exceptions. It is undisputed that the Rochester City School District is an “agency” and that the audit report is a “record” and an “intra-agency” document. Respondents base their argument for refusing to disclose statistical or factual tabulations or data contained in the internal audit on the context of the legislative history of Public Officers Law § 87 (2) (g) (iv). They argue that because the Legislature amended FOIL in 1987 (L 1987, ch 814, § 12) to include an exemption for “intra-agency materials which are not external audits” that the amendment was intended “to wholly exempt internal audits.” (See, respondents’ answer in proceeding No. 2 7-10.)
Respondents argue that an implied inference arises which wholly exempts internal audits from FOIL disclosure. The argument made by respondents is that there is a clear and recognizable distinction between internal and external audits; that the Legislature by employing the cumbersome structure of a double negative exempted all intra-agency reports and records if and only if they were not covered by one of the four categories. The first three were enacted in 1977 (L 1977, ch 933, § 1). The fourth was added in 1987 by amendment thereby providing that intra-agency records are not disclosable if they are not external audits. Since these are not external audits, it follows, they argue, that internal audits are exempt from disclosure. The logic of this argument is flawed for the reasons hereinafter stated.
First, the Legislature has declared that “government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government” (Public Officers Law § 84, added by L 1977, ch 933, § 1). FOIL was enacted to provide the People with the means to access governmental records, to assure accountability and to thwart secrecy. (Matter of Weston v Sloan, 84 NY2d 462 [1994].) Thus, all records of a public agency are *505 presumptively deemed to be open to public inspection without regard to need or purpose of the applicant. As noted, all parties to this proceeding have conceded that the School District is in all respects a public agency. (See, Public Officers Law § 86 [3].) The courts of this State have consistently held that FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to governmental records. (See, Matter of Buffalo News v Buffalo Enters. Dev. Corp., 84 NY2d 488, 492 [1994].) Blanket exemptions for particular types of documents are inimical to the clear articulated policy of the FOIL statute seeking to foster open government. (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996].) For this reason the courts have repeatedly held that the resisted material in order to be properly withheld must fall squarely within the ambit of one of the statutory exemptions. To adopt the respondent District’s argument which would essentially exempt all internal audits as “intra-agency” material requires one to rely exclusively on the language of section 87 (2) (g) (iv) and completely ignore the language of section 87 (2) (g) (i). The latter exemption permits access to rec-ords or portions thereof which contain any statistical or factual information upon which the agency relies. (Matter of Miracle Mile Assocs. v Yudelson, 68 AD2d 176, 181 [4th Dept 1979].) Therefore, intra-agency documents that contain statistical or factual tabulations or data are subject to FOIL disclosure, whether or not embodied in a final agency policy or determination. (Matter of Gould v New York City Police Dept., supra, at 276.) Factual data is defined by the Court of Appeals in Gould (at 277): “Factual data * * * simply means objective information, in contrast to opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making”. To the extent that the internal audit report contains “statistical or factual tabulation or data” it should be produced through a redacted document if necessary. (See, e.g., Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985]; see also, Matter of Newsday, Inc. v New York State Urban Dev. Corp., 181 AD2d 436 [1st Dept 1992] [statistical data contained in an internal audit report prepared by the Urban Development Corporation are disclosable as nonexempt statistical or factual material].)
This view and analysis is shared by Mr. Robert J. Freeman, executive director of the New York State Committee on Open Government. This Committee is the State agency charged with administering FOIL. Petitioner Gannett solicited an opinion *506 from him with respect to this particular dispute and Mr. Freeman replied in written correspondence that: “There is nothing in the language of the Freedom of Information Law that pertains specifically to internal audits or that exempts them from disclosure. The fact that external audits must be disclosed does not suggest other records, such as internal audits, are exempt in their entirety from disclosure. On the contrary, as stated earlier, all records are presumed to be available, and silence in the law concerning a certain kind of record does not confer confidentiality, but rather a presumption of access. In this instance, an internal audit constitutes ‘intra-agency’ material that is accessible or deniable, in whole or in part, based on its contents.”
Respondents argue that this is not an advisory opinion of the Committee since it was authored by the executive director himself and not “the Committee”. This ignores the fact that the opinion is on the official letterhead of the Committee on Open Government and is prefaced by the statement that “The staff of the Committee on Open Government is authorized to issue advisory opinions” (exhibit C to verified petition in Gannett proceeding). Although not strictly bound by its decisions, courts often defer to advisory opinions of the Committee regarding interpretation of the FOIL statute, provided the opinion is not irrational or arbitrary. (See, Matter of Miracle Mile Assocs. v Yudelson, supra, at 181; Matter of Sheehan v City of Binghamton, 59 AD2d 808, 809 [3d Dept 1977].) Neither the legislative history nor the case law supports respondents’ contention that the internal audit is wholly exempt from disclosure where such reports contain statistical or factual tabulations. Had the Legislature intended to completely exclude internal audit reports from disclosure it could have easily done so by amending Public Officers Law § 87 (2) to include a new paragraph permitting an agency to deny access to records which are internal audits or information contained in internal audits. This court declines the invitation to judicially create such an exemption from disclosure where the Legislature has failed to do so. Such a holding would be contrary to the expressed legislative intent of the “public’s right to know” and a presumption in favor of disclosure and inspection by the public. Any exemptions are thus to be very narrowly construed with the burden resting upon the agency to demonstrate that the material falls squarely within one of the enumerated exemptions. (Matter of Gould v New York City Police Dept., supra, at 275.) Conversely and consistent with the statutory intent, respon *507 dents are entitled to withhold intra-agency material which consists of opinions, impressions, and recommendations. Such material constitutes exempt nonstatistical and nonfactual data.
Lastly, the court considers petitioners’ application for counsel fees pursuant to Public Officers Law § 89 (4) (c). Both cases present a novel legal issue. Although this decision largely upholds the petitioners’ contentions, the court cannot find on this record that the respondent District clearly lacked a “reasonable basis in law” for denying access to the record or that respondent acted in bad faith. Petitioners’ application for counsel fees is therefore denied.
Respondents are hereby directed and ordered to provide petitioners with access to and copies of the internal audit report of Benjamin Franklin High School for the 1997-1998 school year and all documents and work papers related thereto, redacting therefrom any subjective expressions of policy, opinion, recommendations, or advice. Disclosure shall be made by respondents within 10 days of entry and service of judgment. Respondents shall simultaneously transmit to the court for in camera inspection both the redacted and unredacted material released to petitioners.