■ R. A. Bronson, Inc., Doing Business as Waste Stream Management, Appellant, v Village of Tupper Lake et al., Respondents. [681 NYS2d 905] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 6, 1998 in Franklin County, which, *inter alia*, denied plaintiff's motion for summary judgment.

Having unsuccessfully bid for the right to enter into a long-term contract with defendant Village of Tupper Lake to pick up sludge produced by the Village's sewage treatment plant, plaintiff commenced this action against the Village and the successful bidder, defendant County of Franklin Solid Waste Management Authority (hereinafter FCSWMA), to effect annulment of the resulting contract. Supreme Court granted defendants summary judgment dismissing the complaint and this appeal ensued.

Plaintiff's initial argument, that FCSWMA is without statutory authority to contract with a municipality to collect solid waste, is rejected for the reasons set out in *Matter of R. A. Bronson, Inc. v Franklin Correctional Facility* (255 AD2d 723).

Also unconvincing is the assertion that the legislation establishing FCSWMA (*see*, Public Authorities Law tit 13-I)

precludes the Village from entering into such a contract unless the County is also a party thereto. In support of its position, plaintiff adverts to Public Authorities Law § 2051-t (1), which, in relevant part, provides that: "The county and one or more municipalities within the [area of operation] or [FCSWMA] and the county, shall have power to contract from time to time between or among themselves, or among themselves and with [FCSWMA], in relation to the receiving, transporting, storage, processing or disposal of solid waste * * *. Any such contract to which [FCSWMA] and any municipality within the county are parties may include provisions stipulating the maximum rates * * *. Any contract to which [FCSWMA] and the county are parties may include [specific enumerated] provisions".

In view of the last two quoted sentences, which implicitly recognize that a contract might validly be formed between FCSWMA and a municipality without participation by the county, and other sections of FCSWMA's enabling act that plainly contemplate such contracts (see, Public Authorities Law § 2051-e [9]), we find no basis for construing the first quoted sentence—which, though not a model of clarity, is susceptible to varying interpretations—in the restrictive manner plaintiff suggests (see also, Public Authorities Law § 2051-t [4]). Moreover, inasmuch as FCSWMA has been expressly granted the power to collect solid waste from the Village (see, Public Authorities Law § 2051-e [8]), and has the concomitant authority to enter into a contract in furtherance of that power, we perceive no reason (and plaintiff advances no credible one) why its enabling legislation should be read as limiting the Village's ability to do so.

Our resolution of these issues makes it unnecessary to consider FCSWMA's alternative argument that the agreement at issue should not be subject to statutory limitations on the parties' ability to contract with respect to "solid waste", because the "sludge" being picked up is used for a beneficial purpose—as cover material for a landfill, which would otherwise have to be purchased—and is therefore more properly characterized as personal property than as waste. Were we to address that contention, however, we would find it unpersuasive given the relevant definition of solid waste (see, Public Authorities Law § 2051-b [13]), which manifestly encompasses the material at issue.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.