OPINION OF THE COURT
Joseph D. Valentino, J.
In this declaratory judgment action, plaintiff moved for summary judgment seeking a declaration (1) that plaintiff’s proposed responses to request for information pursuant to the Freedom of Information Law (hereinafter FOIL; Public Officers Law § 84 et seq.) are proper, and (2) of the rights between plaintiff and defendant Arthur Zimmer regarding plaintiff’s ability to release their settlement agreement. Defendant Democrat & Chronicle cross-moved for judgment declaring its right to review and copy certain documents maintained by plaintiff pursuant to its FOIL requests.
Facts
On May 15, 2001, plaintiff reached a settlement agreement (hereinafter the agreement) with defendant Arthur Zimmer, its Chief of Police, concerning his separation from employment. The agreement contained a confidentiality clause which provided:
“[Zimmer] and [plaintiff! shall treat the substance of this Agreement as confidential. Neither [Zim-mer], nor any individual acting on [Zimmer’s] behalf, shall, except upon the Order of a court of competent jurisdiction, disclose to others any information regarding the existence of the terms of this Agreement, the amounts referred to herein, or the fact of payment, except that [Zimmer] may disclose such information to his spouse and to his attorneys, accountants, or other professional advisors to whom the disclosure is necessary to effect the purposes *720 for which [Zimmer] has consulted such professional advisors, provided that before any such disclosure, each person is individually notified of and subject to the confidentiality provision of this Section. [Plaintiff] shall not, except upon the Order of a court of competent jurisdiction or as otherwise required by law, disclose to others information regarding the terms of this Agreement, the amounts referred to herein, or the fact of payment, except that [plaintiff] may disclose such information to individuals only where such disclosure is necessary to conduct [plaintiffs] business, provided that before any such disclosure, each such person is individually notified of and subject to the confidentiality provisions of this Section. However, nothing in this Section shall prohibit [plaintiff] from making any mandatory disclosure required by law.”
Within days of the agreement, plaintiff received the first of several FOIL requests for the agreement and ancillary information. Defendant Anthony Perry made his FOIL request on May 21, 2001. On May 24, 2001, plaintiff issued a written response to Perry, which granted his request, but denied his request for a copy of the agreement, stating that a court order was required for its release. On August 27, 2001, Perry made a subsequent FOIL request for the agreement and supporting documentation, advising plaintiff that he had spoken to the Committee on Open Government and had been informed that expenditure of public monies is public information, and he indicated that attorney’s fees may be awarded if a FOIL lawsuit were commenced.
Defendants Democrat & Chronicle (hereinafter the D&C), Brockport Post Newspaper and Thomas Calandra, Esq. (hereinafter collectively defendants)[1] made FOIL requests on September 5, 6, and 7, 2001, respectively. Notably, Calandra’s request indicated that this was his second FOIL request.[2] On September 12, 2001, the D&C made a second request, this time asking for the records pertaining to the Monroe County Sheriffs Office investigation of plaintiffs police department.
Plaintiff determined that it was obligated to release the agreement and other information pursuant to defendants’ FOIL *721 requests and sent individual letters, dated September 18, 2001, to defendants notifying them of the determination to release the requested information and that such information would be released on October 1, 2001. These letters also notified defendants that certain information was exempt from disclosure. In a memorandum dated September 18, 2001, plaintiff also notified Zimmer of the upcoming release of information.
On September 21, 2001, Zimmer’s counsel notified plaintiff that release of the agreement would be a breach of the agreement and violation of Civil Rights Law § 50-a. Zimmer’s counsel indicated that he would pursue legal remedies if the agreement were released. Thereafter, plaintiff reconsidered its intended release of the agreement and other information and, on September 28, 2001, plaintiff wrote to defendants indicating that it would not release the agreement or other information. Thereafter, plaintiff commenced this action for declaratory judgment to determine its rights to release the agreement and whether its proposed release of other documents in response to defendants’ various FOIL requests was appropriate.
By letter, dated October 11, 2001, to plaintiffs Mayor the D&C appealed the denial of its FOIL requests for the agreement and the Sheriffs investigation file of plaintiffs police department. On October 15, 2001, plaintiff commenced the instant declaratory judgment action. Zimmer and Perry answered on October 25 and 30, 2001, respectively. Zimmer also asserted a counterclaim. Calandra and the D&C answered on November 1, and 9, 2001, respectively. Plaintiff served a verified reply to Zimmer’s counterclaim.
On January 4, 2002, plaintiff moved for summary judgment. Thereafter, the D&C submitted an affidavit and memorandum of law in support of its cross motion for a declaration of its right to the documents requested in its FOIL requests.[3] .
Following oral argument, the court conducted an in camera review of the agreement, other information provided by plaintiff, and two attorney’s files maintained by counsel for plaintiff. Subsequently, on May 16, 2002, Calandra submitted a newspaper article on the case and, on May 20, 2002, Zim-mer’s counsel submitted a further letter. Counsel for the D&C submitted an additional letter on May 28, 2002. The court now issues its decision.
*722 Decision
(1) Plaintiffs motion for summary judgment seeking a declaration regarding its proposed FOIL responses is denied.
Zimmer’s counsel contends that a declaratory judgment action is an improper form of litigation for this lawsuit. The court agrees in part. A declaratory judgment action is improper to the extent plaintiff requests a declaration that its proposed FOIL responses are proper because plaintiff seeks an advisory opinion. However, as set forth below, with respect to plaintiffs request for a declaration of the rights of plaintiff and Zimmer under the agreement, a declaratory judgment action is proper.
A declaratory judgment action “contemplates a judgment that will merely declare the rights of the parties in respect of the matter in controversy * * * [where] a mere judicial declaration of the rights vis-a-vis the other side will do the job” (Siegel, NY Prac § 436, at 705-706 [3d ed 1999]). An actual dispute is required and the declaratory judgment action may not be used to secure an advisory opinion. “A declaratory judgment may not be granted if it will only result in an advisory opinion” (Combustion Eng’g v Travelers Indem. Co., 75 AD2d 777, 778 [1st Dept 1980], affd 53 NY2d 875 [1981]). “[Cjourts are not empowered to give advisory opinions, but must deal with particular instances when they arise” (Matter of Christopher v City of Buffalo, 88 AD2d 777 [4th Dept 1982]).
To the extent plaintiff seeks a declaration that its proposed responses to defendants’ FOIL requests are proper, plaintiff seeks an impermissible advisory opinion from the court. Plaintiff seeks guidance from the court on plaintiffs contemplated future action. Such an advisory opinion is not available from the court but may be available from the staff of the Committee on Open Government. Significantly, “[t]he Committee on Open Government is charged with giving advisory opinions on the FOIL statute” (Matter of New York Pub. Interest Research Group v Cohen, 188 Misc 2d 658, 662 [Sup Ct, NY County 2001]).
Moreover, granting plaintiff a declaratory judgment on its proposed responses would circumvent the established procedural process required by FOIL and set an improper precedent for the future. It could open the floodgates for declaratory judgment actions rather than responses to FOIL requests, denials of which afford requesting parties the right to pursue CPLR article 78 proceedings. It would allow “agencies,” as defined by FOIL, to disregard the procedural mandates of FOIL and *723 impair a requesting party from pursuing its legal remedies had the requesting party’s request been denied. Plaintiff will not be allowed to circumvent FOIL.
Consequently, plaintiff’s motion for a declaration approving its proposed responses to defendants’ FOIL requests is denied. Plaintiff’s cause of action for a declaratory judgment approving its proposed responses to defendants’ FOIL requests is dismissed.
(2) Plaintiff’s motion for summary judgment seeking a declaration of its rights under the agreement is granted.
The threshold issue — whether a declaratory judgment is the proper form — needs brief attention. Plaintiff asserts that, pursuant to the agreement, it could obtain a court order mandating disclosure of the agreement. To that end, plaintiff commenced the instant declaratory judgment action for a declaration of plaintiff’s right to disclose the agreement.
Plaintiff, as a party to the agreement, may properly bring a declaratory judgment action (see, Kalisch-Jarcho, Inc. v City of New York, 72 NY2d 727, 731-732 [1988]). The argument advanced by Zimmer’s counsel that a declaratory judgment action is improper because it was unanticipated is belied by the clause in the agreement, which specifically provided for disclosure by court order.
Plaintiff’s apparent litigation strategy was to avoid potential liability to Zimmer for breach of the agreement and to avoid liability for attorney’s fees in a FOIL lawsuit. Whether intentional or not, plaintiffs strategy circumvents the procedural mandates of FOIL and delays defendants’ access to public information that is otherwise subject to disclosure pursuant to FOIL. Rather than follow the procedural mandates of Public Officers Law § 89 (3) and grant or deny defendants’ FOIL requests, which would give defendants the right to bring a CPLR article 78 proceeding, plaintiff commenced this declaratory judgment action. A declaratory judgment is proper here only to declare the rights of plaintiff and Zimmer under the agreement. However, where appropriate, the court may convert an improper declaratory judgment action to a proceeding pursuant to CPLR article 78 (CPLR 103 [c]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3001:15, at 443).
In any event, with respect to plaintiffs motion for summary judgment declaring the rights of plaintiff and Zimmer under the agreement, the court grants plaintiffs motion.
*724 “Summary judgment is proper in a declaratory judgment action where the record presents undisputed facts” (Russell v Town of Pittsford, 94 AD2d 410, 412 [4th Dept 1983]). Here, the facts are not disputed. Accordingly, the court declares the rights of plaintiff and Zimmer only with respect to their agreement.
An agreement that offends public policy cannot stand (see, e.g., City of New York v 17 Vista Assoc., 84 NY2d 299 [1994]). Likewise, where a confidentiality clause subverts public policy, it is unenforceable (see, Matter of Anonymous v Board of Educ. for Mexico Cent. School Dist., 162 Misc 2d 300, 303 [Sup Ct, Oswego County 1994] [“an agreement to keep secret that to which the public has a right of access under article 6 of the Public Officers Law would be unenforceable as against public policy”]).
The agreement’s confidentiality clause directly conflicts with the public policy of FOIL. “FOIL’s declared purpose [is] ensuring open government” (Matter of Newsday, Inc. v Empire State Dev. Corp., — NY2d —, 2002 NY Slip Op 04814 [June 13, 2002]). Fundamentally,
“[t]he people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.
“The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of [FOIL].” (Public Officers Law § 84.)
FOIL continued the Committee on Open Government, whose function is to render advisory opinions on the FOIL statute (Public Officers Law § 89 [1] [b] [i]). “[T]he opinions of the Committee are ‘neither binding upon the agency nor entitled to greater deference in an article 78 proceeding than is the construction of the agency’ * * * [but] they are informative” (Matter of New York Pub. Interest Research Group v Cohen, 188 Misc 2d at 662 [citations omitted]). Moreover, “courts often defer to advisory opinions of the Committee regarding interpretation of the FOIL statute, provided the opinion is not irrational or arbitrary” (Matter of Gannett Co. v Rochester City School Dist., 179 Misc 2d 502, 506 [Sup Ct, Monroe County *725 1998], affd 267 AD2d 964 [4th Dept 1999]). The Committee’s Advisory Opinion No. 12423 is instructive on the issue presented here with regard to disclosure of the agreement. The Committee opined that Civil Rights Law § 50-a and the unwarranted personal privacy exception (Public Officers Law § 89 [2] [b]) were inapplicable and should not exempt from disclosure the disciplinary charges, financial retirement arrangements and negotiated settlement between the City of Hudson and its retired police chief (FOIL Comm on Open Govt Advisory Op No. 12423).
Additionally, it has been held that the amount of any severance payment did not fall within an exception under FOIL (see, Hansen v Town of Wallkill, 270 AD2d 390 [2d Dept 2000]).
Significantly, when public monies are expended, the public should not be excluded from such information. A confidentiality clause should not be allowed to trump the right of the public to access information regarding public expenditure.
The court declares that the confidentiality clause in the agreement is unenforceable as against the public policy established by FOIL.
Regarding the argument that Civil Rights Law § 50-a exempts the agreement from disclosure pursuant to a FOIL request, the agreement did not evaluate Zimmer’s performance or contemplate his continued employment, rather it specifically provided for Zimmer’s orderly separation from service. As such, Civil Rights Law § 50-a is inapplicable.
Civil Rights Law § 50-a exempts from disclosure, except by court order, personnel records “used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces” (Civil Rights Law § 50-a [1]). For purposes of appeal, to the extent Civil Rights Law § 50-a does apply, plaintiff is entitled to a court order disclosing the agreement to defendants.
The court declares the confidentiality clause unenforceable and, as such, plaintiff and Zimmer are relieved of their obligation to maintain confidentiality. Plaintiff’s motion for summary judgment declaring plaintiff’s right to disclose the agreement is granted and plaintiff is permitted to disclose the agreement in its entirety to any requesting party. Plaintiff is granted an order permitting it to disclose the agreement in its entirety to defendants.
*726 (3) The D&C’s answer, attorney’s affidavit and cross motion for a declaration of its rights pursuant to its FOIL requests are deemed a petition and the action'is converted to a CPLR article 78 proceeding.
At oral argument, the D&C urged this court to convert this action to a proceeding pursuant to CPLR article 78 and to make a determination that plaintiff improperly denied its FOIL requests.
Conversion of a declaratory judgment action to a CPLR article 78 proceeding is permitted pursuant to CPLR 103 (c) (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3001:15, at 443). Although the D&C did not commence an article 78 proceeding, “[i]t is fundamental that the court, in determining the nature of an instrument look to its substance, rather than to its label” (Matter of Bil-lone v Town of Huntington, 188 AD2d 526, 528 [2d Dept 1992]). Moreover, CPLR 103 (c) and 2001 empower this court to disregard any irregularities (see, Matter of Guarneri v Town of Oyster Bay, 224 AD2d 695 [2d Dept 1996]) and deem the D&C’s answer, supporting affidavit and cross motion a proper petition and convert the declaratory judgment action to a CPLR article 78 proceeding. Additionally, the D&C’s answer, attorney’s affidavit and cross motion provided adequate notice of the facts upon which its claim is based and the relief it requested (see, Andrusz v Town of Lancaster, 289 AD2d 950 [4th Dept 2001]). As such, the court deems the D&C’s answer, attorney’s affidavit and cross motion a petition and converts the action to a CPLR article 78 proceeding.
The court determines that the D&C exhausted its administrative remedies and has complied with the procedural mandates of FOIL to the extent possible given the essential stonewalling displayed by plaintiff.
The D&C made an initial FOIL request on September 5, 2001 to plaintiff’s clerk. The D&C requested permission to inspect and copy certain records pertaining to Zimmer’s retirement, specifically requesting a copy of the agreement “that was approved by [plaintiff’s] Board during an emergency meeting on May 17, 2001.” On September 12, 2001, the D&C requested “all the records, letters, memos, reports and any other documents pertaining to the Monroe County Sheriff’s Office investigation of the [plaintiff’s] Police Department that began sometime in February, 2001 and ended sometime in late March or early April, 2001, and the findings of the investigation.” By letter dated September 18, 2001, plaintiff acknowledged the *727 D&C’s September 5, 2001 request and replied to the D&C that on October 1, 2001, it would release a copy of the “agreement, effective May 17, 2001, and all Exhibits attached thereto.” Plaintiff also denied the request for “records or portions thereof’ on the basis that the request was “non-specific, and/or confidential by way of being privileged by way of the attorney-client relationships, pursuant to Public Officers Law § 87 (2) (a) and CPLR 4503 (a).” By letter dated September 28, 2001, plaintiff advised the D&C that contrary to its prior correspondence, plaintiff would “not be releasing the FOIA [sic] records * * * on October 1, 2001 as per [its] first request, nor the records sought in [its] second request.” By letter dated October 11, 2001, the D&C appealed the denial of its FOIL requests to plaintiffs Mayor. Accordingly, the court determines that the D&C complied with the procedural mandates of FOIL (see, Public Officers Law § 89 [4] [a]). Plaintiff’s response to the D&C’s administrative appeal was to commence the declaratory judgment action on October 15, 2001. The D&C answered on November 9, 2001.
Where an appeal is not addressed within 10 days, the requesting party has exhausted its administrative remedies and may initiate a challenge to a constructive denial of access under CPLR article 78 (Matter of Floyd v McGuire, 87 AD2d 388 [1st Dept], appeal dismissed 57 NY2d 774 [1982]; FOIL Comm on Open Govt Advisory Op Nos. 10710, 12690). Consequently, the D&C exhausted its administrative remedies and the converted CPLR article 78 proceeding is properly before the court.
Regarding the D&C’s first FOIL request, for the reasons set forth above the D&C is entitled to a copy of the agreement in its entirety, including the exhibits attached which are notice of return to active duty, resignation, and release of all claims. The court determines that plaintiff unjustifiably refused to release the agreement. The settlement agreement is a record of clear significance to the general public as it concerned payments to a public official and the functioning of government and its decision making process (see, Public Officers Law § 89 [4] [c] [i]). “The people’s right to know the process of governmental decision-making and to review the documents * * * leading to determinations is basic to our society” (Public Officers Law § 84). Also, for the reasons set forth above, plaintiff lacked a reasonable basis in law for withholding the agreement (see, Public Officers Law § 89 [4] [c] [ii]). It seems apparent that plaintiffs reluctance and refusal to release the agreement were *728 not based in law but upon fear of a lawsuit by Zimmer. Consequently, the D&C is entitled to reasonable attorney’s fees and other litigation costs reasonably incurred (see, Public Officers Law § 89 [4] [c]).
Regarding the D&C’s September 12, 2001 FOIL request, the court notes that the final report of the Monroe County Sheriffs Office investigation of plaintiffs police department was disclosed in an action captioned “Peter DeToy v Village of Brockport, Index Number 2002-01224.” That report consists of a one-page letter, dated April 16, 2001, from the Sheriff to plaintiffs then Mayor. Pursuant to FOIL, the D&C would be entitled to the final determination of the Sheriffs investigation and that report has been disclosed in the other litigation. Having addressed the D&C’s FOIL requests, the court turns to Ca-landra’s FOIL requests.
(4) Calandra’s answer and attorney’s affidavit are also deemed a petition and converted to a CPLR article 78 proceeding.
For the reasons set forth above, justice also requires conversion with respect to Calandra’s answer and attorney’s affidavit. However, Calandra’s failure to comply with the procedural mandates of FOIL is fatal to his petition. Calandra failed to file an administrative appeal, unlike the D&C, which submitted a letter of appeal to plaintiffs Mayor. As such, his converted petition is defective and must be dismissed. An award of attorney’s fees would also not be in order had Calandra prevailed. Significantly, the United States Supreme Court has determined that a pro se attorney litigant is not entitled to attorney’s fees in this type of case (see, Kay v Ehrler, 499 US 432 [1991] [a pro se litigant who is an attorney may not be awarded attorney’s fees under 42 USC § 1988]). FOIL is modeled after the Federal Freedom of Information Act (hereinafter FOIA; see, Kheel v Ravitch, 93 AD2d 422 [1st Dept 1983], affd 62 NY2d 1 [1984]), and in Falcone v Internal Revenue Serv. (714 F2d 646 [6th Cir 1983], cert denied 466 US 908 [1984]), a pro se litigant under FOIA was denied attorney’s fees. As such, this court is persuaded that Calandra as a pro se attorney litigant would not be entitled to attorney’s fees.
Notably, the D&C did not request the notice of claim, and although Calandra requested it, the court does not reach Ca-landra’s request for the reasons previously set forth. The court makes no determination regarding its release. Also, to the extent that plaintiffs attorney’s files were not requested by the D&C, the court does not make any determination with regard *729 to those documents. All documents provided to the court for an in camera inspection will be returned to plaintiffs counsel.

. Defendants Perry and Brockport Post Newspaper answered the complaint but did not oppose plaintiffs motion or appear at oral argument.

. Calandra’s first FOIL request is not part of the papers submitted to the court. He indicated, however, that his first request, dated May 29, 2001, was denied (Calandra’s responding affirmation If 3]).

. The D&C did not submit a “notice of cross motion” and no party objected to the lack of one. Accordingly, the court excuses this irregularity (CPLR 2001).