■ In the Matter of PENNY M. POLOKOFF-ZAKARIN, Appellant, v STEVEN M. BOGGESS, as Secretary of the New York State Senate, et al., Respondents. [879 NYS2d 244]—

Stein, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered March 11, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondents denying petitioner's Freedom of Information Law request.

Petitioner requested documents regarding an employee of the State Senate pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]). Specifically, her request sought records "showing the date of employment and date of termination of employment, the title or position of

---

employment held, the salary paid, and containing the complete time and attendance records for [a particular] employee of the State Senate sometime between 1990 and 2007." Respondent Steven M. Boggess, the Secretary of the Senate, responded by letter setting forth the employee's dates of employment, title and salary but did not supply the actual documents relied upon for this information. Boggess denied petitioner's request for time and attendance records on the ground that she was not entitled to them under FOIL. Upon administrative appeal, respondent Michael A. Avella, Counsel to the Senate Majority, affirmed Boggess's determination, but indicated that he was enclosing the underlying record containing the information already provided to petitioner. Nonetheless, that record was not enclosed and has never been supplied to petitioner.

Petitioner commenced this proceeding pursuant to CPLR article 78 seeking a declaration that respondents' FOIL determination was incorrect, a direction that respondents provide her with a copy of the subject employee's time and attendance records, and an award of reasonable counsel fees. Supreme Court dismissed the petition and petitioner now appeals.

We first recognize the distinction between FOIL as applied to state "agencies" and as applied to the Legislature.[1] While FOIL, as it applies to agencies, is based on a presumption of access such that all records are available to the public unless they fall within a specific statutory exception (*see* Public Officers Law § 87 [2]), the Legislature is only obligated to disclose records that fall within a specifically enumerated category (*see* Public Officers Law § 88 [2], [3]; *Matter of Weston v Sloan*, 84 NY2d 462, 466 [1994]). Bearing that in mind, we note that respondents are statutorily required to "maintain and make available for public inspection and copying . . . a *record* setting forth the name, public office address, title, and salary of every officer or employee" (Public Officers Law § 88 [3] [b] [emphasis added]). Providing such information in a letter prepared in response to a FOIL request does not satisfy this requirement. Contrary to respondents' argument on this appeal, it appears that even they recognized their obligation to provide the underlying records, as demonstrated by Avella's letter to petitioner's attorney indicating that he was forwarding such records.

Petitioner relies on two additional mandates to support her contention that respondents are also required to provide time and attendance records. First, Public Officers Law § 88 (2) (e) requires that respondents disclose any "statistical or factual

---

1. The Legislature is specifically excluded from the definition of the term "agency" for purposes of FOIL (*see* Public Officers Law § 86 [3]).

tabulations of, or with respect to, material otherwise available for public inspection and copying pursuant to this section or any other applicable provision of law." In addition, Rules of the Senate, rule XIV, § 1 (a) requires that "personnel payroll records" be provided pursuant to FOIL. We find no rational basis for respondents' interpretation that "personnel payroll records" refer to the same records—pertaining to name, public office address, title and salary—referenced in Public Officers Law § 88 (3) (b) and no more (*but see Matter of Greene v Boggess*, Sup Ct, Albany County, Oct. 19, 2005, Kavanagh, J., index No. 5049-05). There is absolutely nothing in the record to support such an interpretation, nor do respondents explain why Senate rule XIV, § 1 (a) is necessary if it is merely a restatement of Public Officers Law § 88 (3) (b). Thus, accepting respondents' interpretation would render the rule meaningless—a result which cannot be countenanced (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 231; *Matter of R.A. Bronson, Inc. v Franklin Correctional Facility*, 255 AD2d 723, 724 [1998]). Furthermore, in our view, the ordinary meaning of the term "personnel payroll record" is broader than "name, public office address, title, and salary" (Public Officers Law § 88 [3] [b]) and includes information concerning an employee's time and attendance—information that would typically be included in a time and attendance record such as those at issue here (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 232).[2] Thus, we conclude that time and attendance records fall within the definition of personnel payroll records which are available for public inspection pursuant to Senate rule XIV, § 1 (a), and they must be disclosed. Significantly, this interpretation results in effectuating FOIL's purpose of promoting "access [to] governmental records, to assure accountability and to thwart secrecy" (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994]; *see Matter of Weston v Sloan*, 84 NY2d at 466).[3]

Notwithstanding our conclusion that respondents' determination lacked a rational basis, we do not find that an award of counsel fees is warranted. Assuming, without finding, that Pub-

**2.** There are no examples of the documents in question in the record on appeal. Although a document entitled "Overview of the Senate's Time and Attendance Plan"—which contained, among other things, a sample time and attendance record—was handed up by petitioner at oral argument, we decline to consider that document, as it was not before Supreme Court and no explanation of its purpose or legal effect was provided.

**3.** In view of our determination herein, we need not address petitioner's argument that the Senate employee's time and attendance records are also subject to disclosure as a factual tabulation of, or with respect to, the employee's salary pursuant to Public Officers Law § 88 (2) (e) and (3) (b).

lic Officers Law § 89 (4) (c) (i) is applicable, it cannot be said that there was no reasonable basis for respondents' position in view of the determination in *Matter of Greene v Boggess (supra).*

The parties' remaining contentions have been considered and are found to be either academic or without merit.

Rose, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of petitioner's application seeking to annul respondents' determination denying her Freedom of Information Law request; petition granted to that extent; and, as so modified, affirmed.