OPINION OF THE COURT
 

 Bellacosa, J.
 

 The question in this case is whether appellant Buffalo Enterprise Development Corporation (BEDC) is an "agency” within the meaning of the Freedom of Information Law (FOIL)
 
 (see,
 
 Public Officers Law § 86 [3]). The controversy relates solely to statutory interpretation of an aspect of FOIL. We agree with the Appellate Division that appellant is an agency for FOIL purposes and that petitioner, Buffalo News, is entitled to financial information contained in appellant’s files.
 

 As a corporation created under the Not-For-Profit Corporation Law, the BEDC is a local development corporation "performing an essential governmental function” (Not-For-Profit Corporation Law § 1411 [a]). The BEDC was created "to lessen the burdens of government” and to administer loan programs and encourage, through incentive loans, the development of local growth-oriented manufacturing companies and other small businesses. Its certificate of incorporation states that its purposes are "to relieve and reduce unemployment, to promote and to provide for additional and maximum employment, to better and to maintain job opportunities * * * [to] encourag[e] [ ] development * * * in the community * * * and to lessen the burdens of government and to act in the public interest.” BEDC is subject to regulation by the United States Small Business Administration and its entire source of funding is through that Federal agency, the United States Department of Housing and Urban Development, and other State and Federal governmental entities. Since its creation in 1978, the BEDC has assisted hundreds of Buffalo-based businesses to retain and create thousands of new jobs for the community, and has channeled financing for the construction of scores of new buildings.
 

 Membership in the BEDC is limited to individuals or entities residing in or doing business in the City of Buffalo. The BEDC maintained, until recently, offices in a public building.
 
 *491
 
 It is managed by a Board of Directors which, according to its bylaws, consists of the following permanent directors: the Mayor of the City of Buffalo; the Commissioner of Community Development for the City of Buffalo; the President of the BEDC; a representative of the River-Rock Resurgence Corporation and a representative of the Grant-Ferry LDC. The Board of Directors designated the original members of the corporation, and, at the time this proceeding was commenced, a member of the City of Buffalo’s Common Council was one of the appointed members of the Board.
 

 Petitioner is the publisher of Buffalo’s daily newspaper. In February 1990, Thomas Dolan, a reporter, filed a FOIL request with the BEDC, requesting access to financial records pertaining to nonperforming loans made by the BEDC which had been discharged or forgiven. The BEDC provided "The News” with a limited compilation of delinquent borrowers, but refused to grant access to records concerning discharged or forgiven loan obligations. When the Mayor of Buffalo, as Chairperson of the Board of Directors of the BEDC, continued to refuse access to the records, "The News” commenced this CPLR article 78 proceeding to compel disclosure of the documents.
 

 Supreme Court denied the petition, holding that the BEDC does not fit within the definition of "agency”
 
 (see,
 
 Public Officers Law § 86 [3]). The Appellate Division, with two Justices dissenting, reversed, on the law, concluding that the BEDC acts as a governmental agency and is thus subject to FOIL’S disclosure requirements (173 AD2d 43). It remanded to the Supreme Court for an in camera inspection of the disputed documents to determine if they fell within any exemption from disclosure and for a determination whether "The News” should be awarded attorneys’ fees and costs. Supreme Court conducted the in camera inspection, identified certain materials subject to the FOIL privacy exemptions, otherwise ordered disclosure, and denied "The News” attorneys’ fees. This is an appeal as of right on the predicate two-Justice dissent (CPLR 5601 [d]), and the final judgment brings up for review the prior nonfinal Appellate Division order, ruling that the BEDC is an "agency” for FOIL purposes.
 

 The Legislature declared "that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government” (Public Officers Law § 84, added by L 1977, ch
 
 *492
 
 933). FOIL was enacted to provide the People with the means to access governmental records, to assure accountability and to thwart secrecy
 
 (see, Matter of Weston v Sloan,
 
 84 NY2d 462, 466 [decided today]). All records of a public agency are presumptively open to public inspection, without regard to need or purpose of the applicant. Consistent with these laudable goals, this Court has firmly held that " 'FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government’ ”
 
 (Matter of Russo v Nassau County Community Coll.,
 
 81 NY2d 690, 697, quoting
 
 Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 252;
 
 Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept.,
 
 73 NY2d 92, 96;
 
 Matter of Washington Post Co. v New York State Ins. Dept.,
 
 61 NY2d 557, 564;
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571). In
 
 Russo,
 
 we held that the term "agency” under FOIL must be given " 'its natural and most obvious’ meaning” and must be " 'liberally construed’ ” to further the general purpose of FOIL (81 NY2d, at 697, 698,
 
 supra
 
 [citing McKinney’s Cons Laws of NY, Book 1, Statutes § 94];
 
 see also, Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 251, 252,
 
 supra).
 

 The BEDC, a not-for-profit local development corporation, channels public funds into the community and enjoys many attributes of public entities. It should therefore be deemed an "agency” within FOIL’S reach in this case.
 

 Public Officers Law § 86 (3) defines an "agency” as "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other
 
 governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof ’
 
 (emphasis added). The BEDC seeks to squeeze itself out of that broad multipurposed definition by relying principally on Federal precedents interpreting FOIL’S Federal counterpart, the Freedom of Information Act (5 USC § 552). The BEDC principally pegs its argument for nondisclosure on the feature that an entity qualifies as an "agency” only if there is substantial governmental control over its daily operations
 
 (see, e.g., Irwin Mem. Blood Bank v American Natl. Red Cross,
 
 640 F2d 1051;
 
 Rocap v Indiek,
 
 539 F2d 174). The Buffalo News counters by arguing that the City of Buffalo is "inextricably involved in the core planning and execution of the agency’s [BEDC] program”; thus, the BEDC is a "govern
 
 *493
 
 mental entity” performing a governmental function for the City of Buffalo, within the statutory definition.
 

 The BEDC’s purpose is undeniably governmental. It was created exclusively by and for the City of Buffalo to attract investment and stimulate growth in Buffalo’s downtown and neighborhoods. As a city development agency, it is required to publicly disclose its annual budget. The budget is subject to a public hearing and is submitted with its annual audited financial statements to the City of Buffalo for review. Moreover, the BEDC describes itself in its financial reports and public brochure as an "agent” of the City of Buffalo. In sum, the constricted construction urged by appellant BEDC would contradict the expansive public policy dictates underpinning FOIL. Thus, we reject appellant’s arguments.
 

 Although we agree with the persuasive reasoning in Presiding Justice Denman’s opinion in reaching our determination to affirm the Appellate Division’s order on traditional statutory interpretation analysis, we note that the advisory opinions of the Committee on Open Government are "neither binding upon the agency nor entitled to greater deference in an article 78 proceeding than is the construction of the agency”
 
 (Matter of John P. v Whalen,
 
 54 NY2d 89, 96).
 

 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Judgment of Supreme Court appealed from and order of the Appellate Division brought up for review affirmed, with costs.