■ In the Matter of FARMS FIRST, Appellant, v SARATOGA ECONOMIC DEVELOPMENT CORPORATION, Respondent. [635 NYS2d 720] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Mycek, J.), entered November 2, 1994 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to release certain information pursuant to the Freedom of Information Law.

Respondent is a not-for-profit corporation formed in 1978, by Saratoga County business leaders, for the purpose of "improving the quality of life of [Saratoga County] residents" by, *inter alia*, promoting employment opportunities, attracting new businesses and otherwise increasing economic growth in the County. Respondent has entered into a contract with the County, whereby it is paid to "retain industries and jobs presently existing in Saratoga County" and to "[s]eek new industries to locate" there. The County's payment for these services provides over 50% of respondent's revenue; the remainder comes from other municipalities and private clients.

Petitioner, an unincorporated organization formed to "monitor, investigate and address the environmental issues confronting the Saratoga County community and neighboring communities" stemming from two proposed landfill projects, seeks to obtain records kept by respondent in connection with those two projects. When respondent refused to comply with petitioner's formal Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) requests, asserting that it is a private nonprofit corporation which is not subject to FOIL, petitioner commenced this CPLR article 78 proceeding to compel disclosure. Supreme Court dismissed the petition, prompting this appeal.

It is petitioner's contention that respondent is a governmental "agency" within the purview of FOIL (*see,* Public Officers

Law § 86 [3]), for it was expressly formed to achieve "lawful public or quasi-public objectives", "to lessen the burdens of [Saratoga County] government" and "to act in the public interest". Petitioner maintains that inasmuch as it is similar in all material respects to the Buffalo Enterprise Development Corporation (hereinafter BEDC), the Court of Appeals' holding in *Matter of Buffalo News v Buffalo Enter. Dev. Corp.* (84 NY2d 488) dictates that respondent must likewise make its records available as required by FOIL.

As Supreme Court noted, however, respondent's objectives and operations are substantially different from those of the BEDC, such that even the liberal interpretation of the term "agency" articulated in *Buffalo News* (*supra; see,* Public Officers Law § 84; *Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 579) does not encompass respondent. The BEDC, which was formed by the City of Buffalo to advance the objectives of a City department (*see, Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 173 AD2d 43, 45, *appeal dismissed* 79 NY2d 977), originally occupied offices in a public building, and its bylaws required that several City officials, including the Mayor, sit on its Board of Directors (*see, Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 84 NY2d 488, *supra*); it received all of its funding from governmental sources (*see, supra,* at 490) and its annual budget was subjected to a public hearing, and submitted to the City, along with audited financial statements, for review (*see, supra,* at 493).

Respondent, an independent entity formed by private businessmen to further their own interests, is not so intertwined with municipal government. It has never been furnished offices at County expense; no County employee has ever served on its board (respondent's chairman avers that elected officials are prohibited from doing so); it receives some of its funding from private individuals and corporations; and it is not subject to most of the financial controls exerted over the BEDC by the City of Buffalo. Significantly, while the Court of Appeals found that the BEDC described itself as an "agent" of the City, and that a substantial portion of its activities consisted of the administration of loan programs and, concomitantly, the disbursement of funds on behalf of the City, respondent does none of these things; rather it has simply contracted with the County on a fee-for-service basis, much as any other independent business entity might. In short, respondent is not subject to the mandates of FOIL.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.