OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs and defendant’s motion to dismiss the complaint granted.
Plaintiff medical provider commenced this action to recover first-party no-fault benefits in the sum of $4,126.89 for medical services rendered to plaintiffs assignor for injuries she allegedly sustained in an automobile accident which occurred in the Bronx on December 7, 2001. Plaintiffs assignor was a passenger in a U-Haul vehicle insured by defendant, an Arizona corporation. Service of the summons and complaint was made on the New York State Department of Insurance. An answer was interposed denying the allegations of the complaint which asserted that defendant was licensed and authorized to do business in the State of New York and that it transacted business in *35 the City of New York, and which included an affirmative defense that the court lacked jurisdiction over defendant. In support of a subsequent motion to dismiss for lack of jurisdiction, based on CCA 404 (a), defendant’s New York claims manager submitted an affidavit in which he averred that defendant was an Arizona corporation which neither wrote nor sold insurance in the State of New York, nor had any agent in the State of New York, that defendant was the sole insurer for U-Haul, Inc., an Arizona corporation, and that the policy was written and sold in Arizona. Defendant had a claims office in Westchester County. He further stated that defendant did not write, sell or solicit any insurance policies to any entities within New York City, did not provide goods or services within New York City, and did not transact business in New York City.
In its opposition papers, plaintiffs counsel argued that “upon information and belief,” defendant actively engaged in the solicitation of business and the writing of insurance policies to residents of New York City, which activities constituted the transaction of business as well as the contracting to supply goods and services in New York City. Documentation purported to be in support of its argument consisted of various police accident reports from other accidents where U-Haul vehicles were involved as well as several no-fault denial of claim forms where the “policy holder” was identified as defendant.
After the return date of the motion, the court requested that the parties send to it additional documentation which included the police report pertaining to the instant accident, the addresses of the assignee and its assignor, registration information for the U-Haul vehicle at issue, a copy of the insurance policy between defendant and U-Haul’s parent company, Amerco, the insurance identification card for the U-Haul vehicle, and a copy of the U-Haul rental contract with a computerized printout regarding the lease transaction between U-Haul and the lessee. These materials showed that both plaintiffs assignor and the lessee were Bronx residents and that the accident occurred in the Bronx. U-Haul Co. of Arizona was listed in the police report as the registered owner of the vehicle. A business automobile insurance policy had been issued by defendant, an Arizona corporation, to its named insured, Amerco, also an Arizona corporation, indicating that there was a New York specific endorsement providing no-fault coverage. The Arizona automobile insurance card for the vehicle showed that defendant was its insurer and that the insured was “Amerco et al, including *36 U-Haul.” The U-Haul rental contract stated that its customers were insured by a business auto policy providing the minimal limits of the state where the accident occurred.
In its decision and order denying the motion to dismiss, the court below made numerous findings of fact based not upon the submissions of counsel but rather upon its own Internet research. Among those findings, from defendant’s own Web site, were that defendant was a wholly owned subsidiary of Amerco, whose other major subsidiaries included, inter alia, U-Haul, and that defendant was a “full service insurance company” which specialized, in part, in vehicular liability, operated in 49 states, and received approximately $170 million in premiums annually. From U-Haul’s Web site, the court found, among other things, that U-Haul was the largest consumer truck and trailer rental operation in the world, and operated in all 50 states, that there were at least nine Queens U-Haul facilities, and that U-Haul promoted career opportunities for defendant, its sibling corporation. Finally, the court found, by going to the Web site of the New York State Department of Insurance, that, contrary to counsel’s denial, defendant had been “licensed to do insurance business” in this state since April of 1980.
The court below did not make a specific finding as to whether defendant, under CCA 404 (a) (1), either in person or through an agent “transacts any business within the city of New York or contracts anywhere to supply goods or services in the city of New York.” Instead, it based its decision to deny the motion to dismiss on the policy considerations behind sections 1212 and 1213 of the Insurance Law, as well as the No-Fault Law.
In our opinion, the court below erred in denying defendant’s motion to dismiss.
Generally, where a defendant moves to dismiss an action on jurisdictional grounds, and where such jurisdictional challenge appears to have merit, the plaintiff has the burden of proving that jurisdiction has been properly obtained. So long as plaintiff has made a discernible showing that some basis for jurisdiction exists, the court in which the action has been brought has the power to determine whether it has jurisdiction. Whenever a plaintiff makes a “sufficient start,” i.e., a nonfrivolous showing that facts pertinent to an acceptable basis for jurisdiction may exist, a plaintiff is entitled to jurisdictional discovery, and thus need not make a prima facie showing of jurisdiction at the prediscovery stage (see Weinstein-Korn-Miller, NY Civ Prac 1Í 301.07; see also Peterson v Spartan Indus., 33 NY2d 463 *37 [1974]). Indeed, CPLR 3211 (d) permits a court to deny a motion to dismiss made under CPLR 3211 (a) or to order a continuance to enable a plaintiff to secure additional proof or to conduct further discovery, where “facts essential to justify opposition may exist” but are not available to it.
By serving process on the Superintendent of Insurance, plaintiff was aware that it was basing jurisdiction over defendant by virtue of either section 1212 or section 1213 of the Insurance Law, both of which provide that such service is deemed to have been made “within the territorial jurisdiction of any court in this state” (Insurance Law § 1212 [b]; § 1213 [b] [2]). Indeed, in its complaint, plaintiff alleged that defendant was “licensed and authorized to do business in the State of New York,” thereby implicitly alleging jurisdiction under Insurance Law § 1212. In addition, the complaint alleged that defendant “transacts business in the City of New York,” apparently claiming, in the alternative, that jurisdiction could be based on Insurance Law § 1213.
In opposition to defendant’s motion, plaintiff alleged that it needed to conduct jurisdictional discovery in order to obtain information about defendant’s sale and underwriting of insurance policies to New York City residents in order to establish that defendant did in fact transact business and contract to sell goods and services within the City of New York. It thereby implicitly abandoned its claim of jurisdiction based upon defendant’s status as an authorized insurer, since it could have demonstrated that status without the benefit of discovery, i.e., by submitting a certified document from the New York State Department of Insurance attesting to the fact that defendant was an authorized insurer. It chose not to do so, and instead proceeded to address the alternative jurisdictional basis of “transacting business” under Insurance Law § 1213. In order to demonstrate that “facts essential to justify opposition [to the motion to dismiss] may exist” (CPLR 3211 [d]), plaintiff needed to make more than conclusory allegations, and needed to submit some tangible evidence to substantiate its allegations that defendant, while unauthorized to do business, was either issuing or delivering insurance contracts to state residents or corporations authorized to do business in the state (Insurance Law § 1213 [b] [1] [A]) or was engaged in “any other transaction of business” (Insurance Law § 1213 [b] [1] [D]) and that the cause of action arose out of that transaction of business (see Farm Family Mut. Ins. Co. v Nass, 126 Misc 2d 329 [1984], affd 121 *38 AD2d 498 [1986]). Plaintiff did not do so and thus did not make the “sufficient start” necessary to warrant further discovery (see e.g. Mandel v Busch Entertainment Corp., 215 AD2d 455 [1995]; see also Granat v Bochner, 268 AD2d 365 [2000]; Bissinger v DiBella, 141 AD2d 595 [1988]; Schumacher v Sea Craft Indus., 101 AD2d 707 [1984]). Accordingly, plaintiffs complaint should have been dismissed at that juncture, and it was error for the court below not to have done so.
This error was further exacerbated by the court’s conduct in initiating its own investigation into the facts when, based upon the insufficient submissions of plaintiff, the court should have dismissed the complaint. In conducting its own independent factual research, the court improperly went outside.the record in order to arrive at its conclusions, and deprived the parties an opportunity to respond to its factual findings. In effect, it usurped the role of counsel and went beyond its judicial mandate of impartiality. Even assuming the court was taking judicial notice of the facts, there was no showing that the Web sites consulted were of undisputed reliability, and the parties had no opportunity to be heard as to the propriety of taking judicial notice in the particular instance (see Prince, Richardson on Evidence § 2-202 [Farrell 11th ed]).
We note that defendant moved for reargument of the subject motion, and the court below, in a subsequent decision/ order dated April 12, 2004, and officially reported at 3 Misc 3d 925 (2004), in effect, granted reargument and, upon reargument, adhered to its original determination. We have not reviewed that decision/order pursuant to CPLR 5517 (b) because defendant did not include in the record on appeal the motion papers upon which the decision/order was based (see Matter of Donato v Board of Educ. of Plainview-Old Bethpage Cent. School Dist., 286 AD2d 388 [2001]; Matter of Merendino v Herman, 15 AD2d 818 [1962]). However, in light of the fact that the subsequent decision/order adhered to the original determination set forth in the order appealed from, which has now been reversed, to the extent that the decision/order of April 12, 2004 supports a result contrary to the result herein, it should not be followed.
Pesce, PJ., dissents and votes to affirm the order in the following memorandum: In my opinion, the motion court’s use of the Web site of the New York State Department of Insurance in order to verify that defendant insurer was in fact licensed to do *39 business in the State of New York was proper. Accordingly, the court did not err in denying defendant’s motion to dismiss based upon lack of jurisdiction.
Although New York cases do not clearly define the procedure for taking judicial notice of facts, in practice, sometimes judicial notice is taken at the request of a party, and sometimes it is taken sua sponte (see Prince, Richardson on Evidence § 2-202 [Farrell 11th ed]). Courts frequently take judicial notice of matters which, at a given moment, may be personally unknown to them. In such cases, recourse may be had to “such documents, references and other repositories of information as are worthy of belief and confidence” even in the absence of a specific request of a party (id. [internal quotation marks omitted]; see also People v Langlois, 122 Misc 2d 1018 [1984]). The use of reference works such as calendars, dictionaries and encyclopedias has been found to be acceptable (see Fisch, New York Evidence § 1068 [2d ed]).
Moreover, it is well settled that a court may take judicial notice of matters of public record or other “reliable documents, the existence and accuracy of which are not disputed” (see Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [1989] [certificate of dissolution of corporation issued by Secretary of State]; Associated Gen. Contrs. of Am., N.Y. State Ch. v Lapardo Bros. Excavating Contrs., 43 Misc 2d 825, 826 [1964] [“indisputable public records of the Secretary of State” showed that plaintiff was a domestic membership corporation]) and of data culled from those public records (see Matter of Siwek v Mahoney, 39 NY2d 159 [1976]; see also Russian Socialist Federated Soviet Govt. v Cibrario, 198 App Div 869 [1921], affd 235 NY 255 [1923] [in action brought by plaintiff in its alleged capacity of a sovereign state, said allegation was not conclusive upon the court, and it was appropriate for the court to call upon the State Department of the United States for information regarding the question of our recognition of that foreign government]).
Thus, in my opinion, it was a proper exercise of discretion for the court below to have sua sponte referred to a matter of public record, in order to ascertain the fact of defendant’s status as an insurer. There is no logical reason not to include within the category of public records such records when they are available from reliable sources on the Internet (see e.g., Glorius v Siegel, 5 Misc 3d 1015[A], 2004 NY Slip Op 51378[U] [Civ Ct, NY County 2004] [court verified multiple dwelling registration of premises on Web site of Department of Housing Preservation *40 and Development]; see also Samson Moving & Stor. Corp. v Drake Bus. School, 2000 NY Slip Op 40023[U] [Civ Ct, NY County 2000] [court verified defendant’s corporate status by referring to Web site of Department of State’s Division of Corporations]). The Web site of the New York State Department of Insurance provides an insurer search list of “our licensed, regulated companies,” and, in an opinion letter, recommends its Web site in order to find a “directory of licensed insurers” (see Ops Gen Counsel NY Ins Dept No. 03-10-25). That same opinion letter indicates that the term “authorized insurer” includes an insurer that is licensed to do the business of insurance in New York State. The defendant insurer, “Republic Western Insurance Company,” is included in the directory of licensed insurers.
Defendant was authorized to do insurance business in New York State by virtue of its having been issued a license to do such business. The question of whether defendant was an authorized insurer was important in determining whether there was jurisdiction over it. Insurance Law § 1212 (a) provides that an insurer authorized to do business in the state must appoint the Superintendent of Insurance as its agent for service of process “in any proceeding against it on a contract delivered or issued for delivery, or on a cause of action arising, in the state.” Inasmuch as the cause of action in the instant case clearly arose in New York, and since defendant was, according to the records of the New York State Department of Insurance, authorized to do business in New York, service of process upon the Superintendent of Insurance was proper, and constituted valid service within the territorial jurisdiction of the Civil Court of the City of New York (Insurance Law § 1212 [b]), sufficient to confer personal jurisdiction over defendant.
Aronin and Patterson, JJ., concur; Pesce, PJ., dissents in a separate memorandum.