■ In the Matter of WALTER C. ERVIN, JR., Appellant, v SOUTHERN TIER ECONOMIC DEVELOPMENT, INC., Respondent. [809 NYS2d 268]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Mulvey, J.), entered October 15, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

The sole issue presented on this appeal is whether respondent is an agency of the City of Elmira, Chemung County, for purposes of the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]). Although the record is sparse,[1] it appears that respondent was incorporated pursuant to the Not-For-Profit Corporation Law in 1995 and among its stated purposes is the performance of essential governmental functions. Following amendments to its original certificate of incorporation, respondent's affairs are now governed by a nine-person board, six from the private sector and three ex officio members—the Mayor of the City, the City Manager and the Chemung County Executive.

In 1999, the City, Elmira Downtown Arena LLC (hereinafter EDA) and respondent entered into a development and building loan agreement involving the construction and operation of what is now called First Arena, a facility housing two hockey rinks, restaurants and related businesses. The City acquired the

---

1. Missing from the record are petitioner's FOIL request and the amended certificate of incorporation and bylaws of respondent.

real estate[2] and loaned to respondent municipal funds and funds it acquired from the state and federal government (totaling $8,553,000). EDA, for its role, borrowed $5,550,000 from Key Bank to be used in the construction of the facility and $1.7 million for equipment and furnishings. Pursuant to the agreement, EDA manages First Arena and pays respondent a management fee if EDA's annual income exceeds $800,000. Respondent first uses its management fees to pay its overhead and remits the balance to the City to be applied on its loan obligations. If respondent's income is inadequate to pay its overhead, the City pays it and increases respondent's loan debt accordingly. To determine the accuracy of EDA's 2002 and 2003 annual accountings, respondent engaged the services of a certified public accountant to do an audit. Petitioner commenced this proceeding seeking a copy of the audit under FOIL. Supreme Court dismissed the petition, determining that respondent is not an agency within the meaning of FOIL. Petitioner appeals.

Public Officers Law § 86 (3) defines "[a]gency" as "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature." Petitioner, relying upon *Matter of Buffalo News v Buffalo Enter. Dev. Corp.* (84 NY2d 488 [1994]), contends that respondent is an agency of the City. FOIL is designed to provide the public with great access to government records (*see id.* at 492; *Matter of Beyah v Goord*, 309 AD2d 1049, 1049 [2003]; *Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*, 218 AD2d 494, 496 [1996]), and all government records not covered by an enumerated exception contained in Public Officers Law § 87 (2) are presumptively available for copying and inspection (*see Matter of Beyah v Goord, supra* at 1049; *Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police, supra* at 496). Here, however, critical distinctions exist between respondent and the respondent in *Matter of Buffalo News v Buffalo Enter. Dev. Corp.* (*supra*), making petitioner's reliance on that case inappropriate.

Unlike respondent here, the respondent in *Matter of Buffalo News* was created exclusively for and by the City of Buffalo, was required to publicly disclose its annual budget, described itself as an agent of the City of Buffalo, its membership was limited to individuals or entities residing in or doing business in the

---

**2.** The City sold the real property to the Chemung County Industrial Development Agency which conveyed it to respondent.

City of Buffalo, it at one time maintained its offices in a public building and was managed by a board of directors consisting of several permanent directors which included the mayor of the City of Buffalo and the commissioner of community development for the City of Buffalo. By comparison, respondent here was created by private business persons, has a nine-member board which is comprised of six private individuals and three ex officio government officials, none of whom exercise any financial control over respondent, the City does not control or oversee the management of First Arena and respondent does not hold itself out as an agent of the City or administer loan programs or disburse funds on behalf of the City. Lastly, EDA is a private company and the audit of its financial records was retained by respondent and has not been made a part of any public record. Thus, although respondent is performing a governmental function by fostering the economic development of the city, it is not an agency of the City for purposes of FOIL.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 5 Misc 3d 632 (2004).]