■ In the Matter of PHILIP RUMORE, as President of Buffalo Teachers Federation, Inc., Respondent, v BOARD OF EDUCATION

OF THE CITY SCHOOL DISTRICT OF BUFFALO et al., Appellants, et al., Respondents. [826 NYS2d 545]—

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered May 18, 2006 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition in part.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the petition in its entirety and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to provide certain records and information pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6). Petitioner sought access to, inter alia, salary and budgetary records of respondent Education Innovation Consortium, Inc. (EIC). Supreme Court granted the petition in part by directing respondent Board of Education of the City School District of Buffalo (Board) and EIC to make those records available to petitioner for copying and by further directing the Board to procure those records from EIC and to make them available to petitioner for copying. We conclude that the court should have granted the motion of EIC to dismiss the petition against it and should have dismissed the petition against the Board and respondent Superintendent (collectively, District) as well, thereby dismissing the petition in its entirety. We therefore modify the judgment accordingly.

FOIL requires disclosure of the records of an agency, which is defined as "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature" (Public Officers Law § 86 [3]). We agree

with EIC that it does not fall within the statutory definition of an agency. Although a not-for-profit corporation such as EIC may fall within the definition of an agency subject to FOIL if its purpose is governmental and it has the attributes of a public entity (*see Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492-493 [1994]), the record establishes that EIC does not have those attributes. EIC's budget is not approved by any governmental agency, EIC has a self-elected board of directors, the District has no authority to hire or discharge any employee of EIC, and EIC does not have its offices in District-owned buildings (*see Matter of Ervin v Southern Tier Economic Dev., Inc.*, 26 AD3d 633 [2006]; *Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello*, 20 AD3d 28, 37-38 [2005]; *Lugo v Scenic Hudson*, 258 AD2d 626, 627 [1999]). Furthermore, EIC provides services to the District on a fee-for-services basis, and it provides services to other clients as well as the District (*see Matter of Farms First v Saratoga Economic Dev. Corp.*, 222 AD2d 861 [1995]). Consequently, the court erred in concluding that EIC is an agency subject to the mandates of FOIL.

Finally, we agree with the Board and EIC that the records at issue are not "kept, held, filed, produced or reproduced by, with or for" the District by EIC, and they therefore do not fall within the ambit of FOIL (Public Officers Law § 86 [4]). Thus, the court erred on that ground as well in directing the Board to procure the records at issue from EIC and to make them available to petitioner for copying. The record establishes that EIC has never provided the records at issue to the District, nor were they generated at the request of or on behalf of the District. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.