■ In the Matter of JOHN D. JUSTICE, Respondent, v TERRY KING, Executive Director of Saving Grace Ministries, Inc., Appellant. [876 NYS2d 301]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Thomas P. Franczyk, A.J.), entered April 15, 2008 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, directed respondent to provide certain documents to petitioner pursuant to the Freedom of Information Law.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent, the executive director of Saving Grace Ministries, Inc. (SGM), to provide certain documents pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6). SGM owns and operates various residences for men who were previously incarcerated, and it has contracts with the New York State Division of Parole (DOP) to receive parolees upon their release from incarceration on a fee-for-service basis. We agree with respondent that Supreme Court erred in determining that SGM is an agency within the meaning of Public Officers Law § 86 (3) and thus is subject to FOIL requirements.

Pursuant to FOIL, the term " '[a]gency' means any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office

or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof" (*id.*). Where an entity "has simply contracted with [a governmental body] on a fee-for-service basis, much as any other independent business entity might," it does not constitute an agency that is "subject to the mandates of FOIL" (*Matter of Farms First v Saratoga Economic Dev. Corp.*, 222 AD2d 861, 862 [1995]). In determining whether a nongovernmental entity is such an agency pursuant to FOIL, a court may consider whether the entity is required to disclose its annual budget, maintains offices in a public building, is subject to a governmental entity's authority over hiring or firing personnel, has a board comprised primarily of governmental officials, was created exclusively by a governmental entity, or describes itself as an agent of a governmental entity (*see generally Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 490-493 [1994]; *Matter of Ervin v Southern Tier Economic Dev., Inc.*, 26 AD3d 633, 634-635 [2006]; *Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello*, 20 AD3d 28, 37-38 [2005]; *Farms First*, 222 AD2d at 862).

Here, it is undisputed that the DOP and other state agencies do not maintain any authority or control over SGM's budget, that SGM retains exclusive control over hiring and firing employees, and that SGM does not occupy public offices or space. Rather, SGM is an independent entity supported in part by private donations and formed for the purpose of promoting Christian principles to men recently released from incarceration. We acknowledge that SGM works closely with the DOP, that it exists solely to serve parolees, and that it performs the functions of the DOP and enforces the DOP's rules. We nevertheless conclude that SGM does so as a private contractor, not as an agent of the DOP or any other governmental entity (*see Ervin*, 26 AD3d at 634-635). We therefore reverse the judgment insofar as appealed from and dismiss the petition.

Although not raised by the parties on appeal, we express our concern that, in deciding the issue before it, the court sua sponte relied on a source and its contents that were not submitted by either party. Specifically, the court accessed SGM's Web site and relied heavily on information found therein. Indeed, the court quoted from the Web site to support its determination that SGM is an agency subject to disclosure pursuant to FOIL. "In conducting its own independent factual research, the court improperly went outside the record in order to arrive at its conclusions, and deprived the parties [of] an opportunity to respond to its factual findings" (*NYC Med. & Neurodiagnostic,*

*P.C. v Republic W. Ins. Co.*, 8 Misc 3d 33, 38 [2004]; *see generally* Prince, Richardson on Evidence § 2-205 [Farrell 11th ed]). We nevertheless are able to determine this appeal on the merits based solely upon the parties' submissions. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.