■ In the Matter of CHRISTOPHER P. EVANS, Respondent, v NEW YORK CITY et al., Appellants. [942 NYS2d 143]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated

September 28, 2009, which denied the petitioner's application, in effect, to vacate a determination dated September 2, 2009, terminating his tenancy in public housing upon his default in appearing at a hearing, New York City and the New York City Housing Authority appeal, by permission, from an order of the Supreme Court, Richmond County (Fusco, J.), dated November 19, 2010, which, in effect, granted that branch of the petition which was to vacate the petitioner's default in appearing at the hearing and remitted the matter to the New York City Housing Authority for a new hearing.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new determination of that branch of the petition which was to vacate the petitioner's default in appearing at the hearing, in accordance herewith.

The petitioner is a residential tenant in a building operated by the New York City Housing Authority (hereinafter the Authority). On July 8, 2009, the Authority charged the petitioner with chronic delinquency in the payment of his rent. On that date, the Authority also allegedly sent the petitioner a notice informing him that a recommendation had been made to terminate his tenancy based on the charges, and that a hearing would be held before a hearing officer on August 11, 2009. The petitioner failed to appear at the hearing and, upon his default, the hearing officer determined, in the absence of any controverting evidence, that the charges should be sustained. On September 2, 2009, the Authority adopted the hearing officer's determination sustaining the charges, and terminated the petitioner's tenancy.

The petitioner applied to vacate the determination terminating his tenancy upon his default in appearing at the hearing. In support of his application, the petitioner contended that his default in appearing at the hearing should be vacated because he had never received the Authority's notice informing him of the date of the hearing, that he was engaged in litigation with the Authority over its failure to perform repairs to his apartment, and that he would pay his rent in full when the repairs were performed. In a determination dated September 28, 2009, the Authority denied the petitioner's application, concluding that he had failed to establish a meritorious defense to the charges because he had not submitted proof of the existence of any court order authorizing him to discontinue payment of rent.

The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the Authority's determination dated September 28, 2009, alleging, inter alia, that the de-

termination should be annulled because he withheld his rent due to the Authority's failure to make repairs. After conducting a personal visit to the petitioner's apartment to evaluate his claims regarding the need for repairs, the Supreme Court, in effect, granted the petition to the extent of vacating the petitioner's default in appearing at the hearing, and remitting the matter to the New York City Housing Authority for a new hearing.

In order to vacate his default in appearing at the hearing scheduled for August 11, 2009, the petitioner was required to demonstrate at the administrative level that he had both a reasonable excuse for his failure to appear, and a potentially meritorious defense to the charges (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]; *Matter of Peña v New York City Hous. Auth.*, 91 AD3d 581 [2012]; *Matter of Barnhill v New York City Hous. Auth.*, 280 AD2d 339 [2001]; *Matter of Daniels v Popolizio*, 171 AD2d 596, 597 [1991]). However, rather than reviewing the administrative record to determine whether the denial of the petitioner's application to vacate his default was supported by a rational basis, as it was required to do (*see e.g. Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Peña v New York City Hous. Auth.*, 91 AD3d 581 [2012]; *Matter of Manko v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 88 AD3d 719, 720 [2011]), the Supreme Court instead predicated its determination that the petitioner had demonstrated a meritorious defense to the charges on its own independent inspection of his apartment. Since "[j]udicial review of administrative determinations is confined to the 'facts and record adduced before the agency' " (*Matter of Yarbough v Franco*, 95 NY2d at 347, quoting *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757 [1982], *affd* 58 NY2d 952 [1983]), it was improper for the Supreme Court to conduct its own investigation into the facts, thereby going outside the administrative record, and depriving the Authority of an opportunity to refute its factual findings (*see Matter of Justice v King*, 60 AD3d 1452, 1453 [2009], *cert denied* 558 US —, 130 S Ct 496 [2009]; *NYC Med. & Neurodiagnostic, P.C. v Republic W. Ins. Co.*, 8 Misc 3d 33, 38 [2004]). Accordingly, we must reverse the order appealed from, and remit the matter to the Supreme Court, Richmond County, for a new determination of that branch of the petition which was to vacate the petitioner's default in appearing at the hearing, to be based solely upon the record adduced before the Authority.

The Authority's remaining contention is not properly before this Court on the appeal from the order dated November 19, 2010. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.