Matter of Outhouse v Cortlandt Community Volunteer Ambulance Corps, Inc. (2019 NY Slip Op 02881)





Matter of Outhouse v Cortlandt Community Volunteer Ambulance Corps, Inc.


2019 NY Slip Op 02881


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-03058
 (Index No. 2776/16)

[*1]In the Mattter of Angela Outhouse, respondent,
v
Cortlandt Community Volunteer Ambulance Corps, Inc., appellant.


Moss & Boris, P.C., New York, NY (Neal D. Haber of counsel), for appellant.
Smith Buss & Jacobs LLP, Yonkers, NY (David A. Menken of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to, inter alia, compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), Cortlandt Community Volunteer Ambulance Corps, Inc., appeals from a judgment of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), dated February 7, 2017. The judgment, insofar as appealed from, granted that branch of the petition which was to compel the production of certain records.
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the petition is denied in its entirety, and the proceeding is dismissed.
The petitioner, an emergency medical technician, made requests under the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of certain records pertaining to the rejection of her application to be reinstated as a member of the Cortlandt Community Volunteer Ambulance Corps, Inc. (hereinafter Volunteer Ambulance). Volunteer Ambulance declined the requests on the ground that it was not an "agency" required to comply with FOIL as defined in Public Officers Law § 86(3). The petitioner then commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the production of the requested records. The Supreme Court granted that branch of the petition which was to compel the production of the requested records. Volunteer Ambulance appeals.
FOIL "expresses this State's strong commitment to open government and public accountability and imposes a broad standard of disclosure upon the State and its agencies" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 565; see Matter of Berger v New York City Dept. of Health & Mental Hygiene, 137 AD3d 904, 906). Pursuant to FOIL, the definition of an agency includes "any . . . governmental entity performing a governmental . . . function for the state or any one or more municipalities thereof" (Public Officers Law § 86[3]). Under certain circumstances, a nongovernmental entity may constitute an agency that is subject to the mandates of FOIL (see Matter of Ryan v Mastic Volunteer Ambulance Co., 212 AD2d 716). "In determining [*2]whether a nongovernmental entity is such an agency pursuant to FOIL, a court may consider whether the entity is required to disclose its annual budget, maintains offices in a public building, is subject to a governmental entity's authority over hiring or firing personnel, has a board comprised primarily of governmental officials, was created exclusively by a governmental entity, or describes itself as an agent of a governmental entity" (Matter of Justice v King, 60 AD3d 1452, 1453; see generally Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 490-493; Matter of Ervin v Southern Tier Economic Dev., Inc., 26 AD3d 633).
We agree with Volunteer Ambulance that it does not fall within the definition of an agency pursuant to FOIL, and, therefore, is not subject to the requirements of FOIL. Volunteer Ambulance is a not-for-profit corporation located in the Town of Cortlandt that has contracted with the Cortlandt Ambulance District No. 1 (hereinafter the District), a subsidiary of the Town, to provide emergency medical services to persons located within the District for a fixed annual sum. The contract between Volunteer Ambulance and the District (hereinafter the contract) provides that Volunteer Ambulance agrees to comply with "all orders, rules, regulations and demands made by the Town," in order to provide "adequate ambulance protection to residents within the District." The contract is the only involvement of the Town and District in connection with the operation of Volunteer Ambulance.
Volunteer Ambulance was formed and incorporated without any participation or assistance of public officials in the Town. Neither the Town nor the District has the authority to select or appoint directors, officers, or members of Volunteer Ambulance. Volunteer Ambulance is not required to submit its budget to the Town or District for review, and neither the Town nor the District has authority to approve Volunteer Ambulance's budget. Neither the Town nor the District has any authority to review or audit Volunteer Ambulance's financial books and records. Volunteer Ambulance receives the majority of its funding from sources other than the payment it receives from the District pursuant to the contract, and purchases all of its equipment, supplies, and services from its own assets. Volunteer Ambulance receives no funding from the Town or District apart from the contract payment. Volunteer Ambulance is solely responsible for the maintenance and expenses related to its buildings. Volunteer Ambulance has the authority to hire staff, who are employees of Volunteer Ambulance, not of the District or Town, and it obtains its own workers' compensation policy for coverage of its employees and members; these persons are not covered by the workers' compensation policy maintained by the District or the Town for its employees or volunteers. Neither the District nor the Town has authority to review or approve contracts entered into by Volunteer Ambulance for professional or other services necessary for its operation.
Under these circumstances, it cannot be said that Volunteer Ambulance is a "governmental entity performing a governmental . . . function" so as to render it an agency subject to the mandates of FOIL (Public Officers Law § 86[3]; see Matter of Rumore v Board of Educ. of City School Dist. of Buffalo, 35 AD3d 1178; Matter of Ervin v Southern Tier Economic Dev., Inc., 26 AD3d 633).
Accordingly, the Supreme Court should have denied the petition in its entirety and dismissed the proceeding.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court