Matter of Ryan v Watershed Agric. Council of the N.Y. City Watersheds, Inc.
2026 NY Slip Op 03853
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Colm P. Ryan, Appellant,
v
Watershed Agricultural Council of the New York City Watersheds, Inc., Respondent.

Decided and Entered:June 18, 2026
CV-25-0017
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Hacker Murphy LLP, Schenectady (Patrick L. Seely Jr. of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Alexander D. Racketa of counsel), for respondent.

[*1]
Ryba, J.
Appeal from a judgment of the Supreme Court (Brian Burns, J.), entered November 27, 2024 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that it was not subject to the Freedom of Information Law.
Respondent is a charitable not-for-profit environmental corporation whose mission is to control and prevent water pollution caused by agricultural and forestry operations in the New York City watershed, a geographic region in upstate New York that supplies drinking water to City residents through a system of reservoirs, aqueducts and other infrastructure. In furtherance of this mission, respondent develops and implements agricultural and forestry management programs to provide landowners with a framework for sustainable and environmentally sound best practices to prevent pollution of the region's water supply while still supporting the economic vitality of farms and forested properties. The New York City Department of Environmental Protection (hereinafter DEP), the agency charged with protecting the quality of the City's drinking water supply, contracts with respondent to manage and administer the Watershed Agricultural and Forestry Program, pursuant to which farm and forest landowners receive financial and other incentives for their voluntary participation in programs designed to reduce water supply contamination.
Petitioner, a farm owner who participates in one of respondent's programs, requested various documents from respondent pursuant to both the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) and respondent's transparency policy. In response to petitioner's requests, respondent advised that it was not subject to FOIL but had considered the document requests pursuant to its transparency policy. Respondent then indicated whether each document request was granted, denied or granted with redactions and advised that such documents would be produced upon receipt of petitioner's payment of approximately $2,600, representing compensation for the estimated 47.5 hours of time required to prepare its response.
In lieu of transmitting payment for the documents, petitioner commenced this proceeding pursuant to CPLR article 78 seeking a judgment declaring that respondent is an "agency" within the meaning of FOIL, an order compelling respondent to produce unredacted copies of all requested documents and an award of costs and counsel fees. In its answer, respondent sought dismissal of the petition on grounds that, among other things, it was not an agency for purposes of FOIL and the matter was moot by virtue of its offer to produce a portion of the documents requested by petitioner. While the proceeding was pending, petitioner moved for an order granting permission to conduct discovery pursuant to CPLR 408. Supreme Court found that respondent was not an agency within the meaning of FOIL and rejected the parties' remaining arguments [*2]without specifically addressing them. As a result, Supreme Court denied petitioner's motion for discovery and dismissed the petition. Petitioner appeals.
FOIL was enacted "to promote transparency in governmental operations so that the process of governmental decision-making is on public display and governmental actions can be more readily scrutinized" (Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 288 [3d Dept 2020] [internal quotation marks and citation omitted], lv dismissed & denied 37 NY3d 1001 [2021]; see Matter of Suhr v New York State Dept. of Civil Serv., 193 AD3d 129, 135 [3d Dept 2021], lv denied 37 NY3d 907 [2021]). Consistent with this purpose, "agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant," unless the requested documents are encompassed by one of the statutory exemptions from disclosure (Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 165 AD3d 1434, 1435 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Williamson v Fischer, 116 AD3d 1169, 1170 [3d Dept 2014], lv denied 24 NY3d 904 [2014]). FOIL defines agency, in relevant part, as "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof" (Public Officers Law § 86 [3]). "[T]he term agency under FOIL must be given its natural and most obvious meaning and must be liberally construed to further the general purpose of FOIL" (Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 492 [1994] [internal quotation marks and citations omitted]).
When making the threshold determination of whether a nongovernmental entity is an agency for purposes of FOIL, we consider factors such as "whether the entity is required to disclose its annual budget, maintains offices in a public building, is subject to a governmental entity's authority over hiring or firing personnel, has a board comprised primarily of governmental officials, was created exclusively by a governmental entity, or describes itself as an agent of a governmental entity" (Matter of Justice v King, 60 AD3d 1452, 1453 [4th Dept 2009], appeal dismissed 12 NY3d 908 [2009], cert denied 558 US 994 [2009]; see Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d at 490-493; Matter of Ervin v Southern Tier Economic Dev., Inc., 26 AD3d 633, 634-635 [3d Dept 2006]; Matter of Farms First v Saratoga Economic Dev. Corp., 222 AD2d 861, 862 [3d Dept 1995]). Where the entity is controlled by governmental officials, has sufficient governmental attributes and carries out a governmental purpose, it may be deemed an agency subject to the mandates of FOIL (see Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d at 490-493). However, where an entity "has simply contracted with [*3][a governmental body] on a fee-for-service basis, much as any other independent business entity might," it does not constitute an agency that is subject to FOIL (Matter of Farms First v Saratoga Economic Dev. Corp., 222 AD2d at 862; see Matter of Outhouse v Cortlandt Community Volunteer Ambulance Corps, Inc., 171 AD3d 1071, 1072 [2d Dept 2019]; Matter of Justice v King, 60 AD3d at 1453; Matter of Rumore v Board of Educ. of City Sch. Dist. of Buffalo, 35 AD3d 1178, 1180 [4th Dept 2006], lv denied 8 NY3d 810 [2007]; Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello, 20 AD3d 28, 37-38 [1st Dept 2005]).
Applying the above standard, Supreme Court properly found that respondent is not an agency subject to the mandates of FOIL. The record discloses that respondent is governed by a board of directors consisting of 15 to 19 members, only one of which is a DEP representative and the remaining directors are private farmers, forest landowners and representatives of agribusiness or forest industries within the eight counties of the City's watershed region. Respondent's board of directors elects its own members by majority vote and there is no indication that the DEP representative receives any greater voting or decision-making privileges than other board members. The contract between respondent and DEP sets forth the scope of the work to be performed on a fee-for-service basis and permits respondent to establish its own annual budget which is not subject to public hearing or comment. Respondent has authority to hire and fire its own employees and subcontractors, who are private individuals and entities not subject to DEP control or management. Moreover, respondent is required to maintain its own liability and workers' compensation insurance on behalf of its employees, has never been provided with office space in a DEP building and does not provide governmental benefits to its employees. The totality of this evidence weighs heavily in favor of the conclusion that respondent is not an agency within the meaning of FOIL (see Matter of Outhouse v Cortlandt Community Volunteer Ambulance Corps, Inc., 171 AD3d at 1072-1073; Matter of Justice v King, 60 AD3d at 1453; Matter of Rumore v Board of Educ. City Sch. Dist. of Buffalo, 35 AD3d at 1180; Matter of Ervin v Southern Tier Economic Dev., Inc., 26 AD3d at 634-635; Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello, 20 AD3d at 37-38; Matter of Farms First v Saratoga Economic Dev. Corp., 222 AD2d at 862).
Although respondent arguably performs a governmental function by working to reduce water pollution in the City's watershed region, the mere fact that a private entity contracts on a fee-for-service basis to perform a government function does not render it an agency for purposes of FOIL (see Matter of Justice v King, 60 AD3d at 1453; Matter of Ervin v Southern Tier Economic Dev., Inc., 26 AD3d at 634-635). Moreover, while the payments respondent receives under the DEP contract [*4]represent approximately 95% of its revenue, respondent also receives revenue from nonpublic sources. To the extent that petitioner relies on a 2009 advisory opinion of the Committee on Open Government for the proposition that respondent is an agency subject to FOIL (see Comm on Open Govt FOIL-AO-17944 [2009]), it is well settled that such opinions are not binding or entitled to any particular deference especially where, as here, the opinion did not include analysis of all the relevant factors (see Matter of John P. v Whalen, 54 NY2d 89, 95-96 [1981]; Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 77 AD3d 224, 230 n 5 [3d Dept 2010], mod 18 NY3d 652 [2012]). In view of the above, respondent is not an agency subject to FOIL.FN1
Finally, Supreme Court properly denied petitioner's alternative request for disclosure. Discovery in a special proceeding is only permitted by leave of court and Supreme Court has broad discretion to determine whether disclosure is warranted (see CPLR 408; Matter of Cotazino v New York State Adirondack Park Agency, 214 AD3d 1137, 1140-1141 [3d Dept 2023]). "Because discovery tends to prolong a case, and is therefore inconsistent with the summary nature of a special proceeding, discovery is granted only where it is demonstrated that there is need for such relief" (Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8, 15 [2d Dept 1999] [citation omitted]; see Matter of City of Troy v Assessor of the Town of Brunswick, 145 AD3d 1241, 1243 [3d Dept 2016]; Matter of Lally v Johnson City Cent. School Dist., 105 AD3d 1129, 1132 [3d Dept 2013]). Here, petitioner sought to depose both respondent's executive director and board chairperson, and also requested disclosure of all meeting minutes of respondent's board of directors and executive committee, as well as all documents related to a corrective action plan and monitoring agreement between respondent and DEP. However, petitioner failed to demonstrate a sound basis for the disclosure sought beyond speculation and conjecture that it might disclose that DEP exercised some degree of control over the quality of respondent's contract performance. In any event, even assuming that discovery confirmed petitioner's suspicion in this regard, our determination would not change. The record contains sufficient evidence from which Supreme Court could render its decision and, given the palpably overbroad nature of petitioner's document requests and the protracted delay that would inevitably result, we discern no abuse of discretion in the denial of petitioner's motion for discovery (see Matter of Suit-Kote Corp. v Rivera, 137 AD3d 1361, 1364-1365 [3d Dept 2016], appeal dismissed & lv denied 27 NY3d 1054 [2016]; Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of State, 130 AD3d 1190, 1195-1196 [3d Dept 2015]).
Petitioner's remaining contentions, to the extent not addressed above, have been considered and found to be lacking [*5]in merit.
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed, with costs.

Footnotes

Footnote 1
We note that this finding does not preclude petitioner from seeking production of documents from DEP pursuant to FOIL, with the relevant inquiry then becoming whether documents held by respondent are within DEP's control as "information kept, held, filed, produced or reproduced by, with or for an agency" (Public Officers Law § 86 [4]; seeMatter of DeWolf v Wirenius, 229 AD3d 929, 933 [3d Dept 2024]).